REISS v PEPSI COLA METROPOLITAN BOTTLING COMPANY, INC

Docket No. 228384. Submitted November 7, 2001, at Lansing. Decided February 5, 2002, at 9:20 A.M. Leave to appeal sought.

Joseph Reiss suffered a work-related injury to his back in 1988 during the course of his employment by Pepsi Cola Metropolitan Bottling Company, Inc., and sought worker's disability compensation benefits. A hearing officer concluded that the injury had aggravated the claimant's preexisting spinal stenosis and granted an open award of benefits. That decision was not appealed. In December 1997, Pepsi Cola and its insurer, Pacific Employers Insurance Company, filed with the Bureau of Worker's Disability Compensation a petition to stop compensation, arguing that Mr. Reiss' medical condition, even if still disabling, was no longer related to the 1988 injury. Accompanying the petition were the findings of a medical expert that, although Mr. Reiss was unable to return to his former job, his disability was not related to the 1988 injury, but rather was the result of degenerative disc disease unrelated to the injury. On February 2, 1998, the defendants filed an affidavit stating that benefits had been paid and were current. Mr. Reiss moved for dismissal of the petition to stop compensation on the ground that the defendants had failed to comply with the requirements of the bureau's Rule 10, 1999 AC, R 408.40, by failing to file the proof of payment of compensation to within fifteen days of the filing of the petition to stop compensation and by failing to include with the petition to stop compensation either an affidavit stating that Mr. Reiss had returned to work or a statement of a physician that Mr. Reiss was able to return to work. The hearing officer denied the motion to dismiss and, on the basis of both the testimony of Reiss' treating physician that the 1988 injury was to soft tissues only and had not caused the spinal stenosis but only symptomatically aggravated that condition and the testimony of the defendants' expert who indicated that the 1988 soft tissue injury was not the cause of Mr. Reiss' current problems, concluded that the defendants met the burden of showing that Mr. Reiss' condition had changed and that his current disability was no longer the result of the 1988 injury's symptomatic aggravation of the preexisting spinal stenosis. The magistrate granted both the defendants' petition to stop compensation and their petition for recoupment, but limited recoupment to the recov-

ery of benefits paid on or after February 1, 1997, the date one year before the date on which the defendants perfected their petition to stop compensation by the filing of the affidavit of current payment of compensation. Mr. Reiss appealed to the Worker's Compensation Appellate Commission, which held that Rule 10 was not binding to the extent that it purported to limit the legal and factual grounds for stopping compensation and rejected the claim that the findings of the original hearing officer should be given res judicata effect. Joseph Reiss appealed by leave granted. During the pendency of the appeal, Joseph Reiss died, and Carol Reiss was substituted as the party plaintiff.

The Court of Appeals *held*:

1. The WCAC properly concluded that subsection 1(b) of Rule 10, 1999 AC, R 408.40(1)(b), is invalid to the extent that it permits the stopping of compensation payments only where it is shown that the employee has returned to gainful employment or a physician has stated that the employee is able to return to his former employment. To be entitled to worker's disability compensation benefits, an employee must show that a work-related injury caused a loss in actual wages. Because subsection 1(b) of Rule 10 does not allow for the termination of benefits where an employee's continuing inability to return to work is no longer the result of a work-related injury, the requirement of that subsection is inconsistent with the statutory definition of a compensable disability.

2. Because Rule 10 is silent with regard to any sanction to be imposed for the failure to file a proof of payment of compensation current to within fifteen days of the date of the filing of a petition to stop compensation, the magistrate and the WCAC properly held that the filing of the petition was not perfected until the date the proof of current payment of compensation was filed, with the statutory one-year-back period for the recoupment of previously paid benefits beginning on the date of the filing of the proof of current payment of compensation, not on the date of the filing of the petition to stop compensation.

3. Because there was evidence on the record supporting the factual finding of the WCAC that the claimant's disability was no longer work related, that finding must be affirmed.

4. Res judicata does not preclude a reevaluation of a claimant's entitlement to worker's disability compensation benefits where it is asserted that there has been a change in the claimant's condition.

Affirmed.

1. WORKER'S COMPENSATION — ADMINISTRATIVE RULES — PETITIONS TO STOP COMPENSATION.

> The administrative rule adopted by the director of the Bureau of Worker's Disability Compensation relative to petitions to stop compensation is invalid to the extent that it precludes the stopping of compensation where an employee's continuing inability to return to work is no longer the result of a work-related injury (1999 AC, R 408.40[1][b]).

2. WORKER'S COMPENSATION — REEVALUATION OF ENTITLEMENT TO BENEFITS — RES JUDICATA.

> Res judicata does not preclude a reevaluation of a claimant's entitlement to worker's disability compensation benefits where it is asserted that there has been a change in the claimant's condition.

*Kelman, Loria, Simpson, Will, Harvey & Thompson* (by *Rosemary E. Jabbour*), for the plaintiff.

*Humphrey, Hannon, Moriarity & Schoener, P.C.* (by *James M. Schoener* and *John L. Ruedisueli*), for the defendants.

Before: FITZGERALD, P.J., and HOEKSTRA and MARKEY, JJ.

PER CURIAM. Plaintiff Carol Reiss[1] appeals by leave granted from the order and opinion of the Worker's Compensation Appellate Commission affirming the magistrate's decision to grant defendants' petitions to stop compensation and to recoup benefits. We affirm.

Plaintiff's decedent, Joseph Reiss (hereinafter Joseph), suffered a work-related injury to his lower back in 1988. At the time of the injury, Joseph already had a long history of back problems that included two laminectomies. On December 12, 1991, the magistrate concluded that the injury aggravated Joseph's

---

[1] While this appeal was pending, plaintiff Joseph M. Reiss died on June 25, 2001. His widow, Carol Reiss, has been substituted in the place of the deceased party plaintiff–appellant, Joseph M. Reiss.

preexisting spinal stenosis and granted Joseph an open award of benefits. That decision was not appealed.

In December 1997, defendants filed a petition to stop benefits, arguing that Joseph's medical condition, even if disabling, was no longer related to the 1988 injury. Attached to this petition were the medical findings of Dr. Emmanuel Obianwu, who found only degenerative disc disease unrelated to Joseph's work injury. Dr. Obianwu opined that although Joseph was unable to return to work at his former job, the 1988 injury had resolved itself. Approximately two months later, defendants filed an affidavit stating that benefits had been paid and were current, as required by 1999 AC, R 408.40, commonly referred to as Rule 10.

Joseph moved for dismissal of the petition to stop compensation on the grounds that the proof of current payment of compensation was not filed at the same time as the petition and because the petition did not comply with Rule 10's additional mandate that the filing include a statement from a physician that Joseph had returned or could return to work. The magistrate denied Joseph's motion, reasoning that defendants were permitted to proceed on any ground allowed by current case law. He determined that the late filing of the proof of current payment merely meant that defendants' petition was not "perfected" until the date of that filing.

After reviewing the testimony of the medical witnesses, the magistrate concluded that defendants met the burden of showing that Joseph's condition had changed and that his current disability "is no longer due to the symptomatic aggravation of his spinal stenosis in 1988." For this reason, the magistrate granted

defendants' petition to stop compensation in a decision mailed March 12, 1998. In a separate December 9, 1998, opinion, the magistrate also granted defendants' petition for recoupment, but limited recovery to benefits paid on and after February 1, 1997, pursuant to the one-year-back rule of MCL 418.833(2).

Joseph appealed both decisions to the WCAC, and the appeals were consolidated for review. Joseph first argued that the magistrate erred in failing to dismiss the petition to stop compensation because it did not comply with Rule 10. The WCAC conducted an extensive and detailed analysis and concluded that the rule was not binding to the extent that it purported to limit the legal and factual grounds for stopping compensation. The WCAC rejected Joseph's claim that the magistrate erred in not according res judicata effect to the original magistrate's findings and affirmed the grant of defendants' petition for recoupment.

On appeal to this Court, plaintiff argues that the WCAC erred in refusing to give effect to Rule 10 and in failing to give res judicata effect to the first magistrate's decision. Plaintiff also contends that the WCAC and the magistrate misapplied the burden of proof in connection with the petition to stop compensation. Judicial review in worker's compensation cases is limited to whether the WCAC applied the correct legal standard and whether there is any evidence to support its factual findings. MCL 418.861a(14); *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 709-710; 614 NW2d 607 (2000); *Holden v Ford Motor Co*, 439 Mich 257, 269; 484 NW2d 227 (1992). However, questions of law involved in any final order of the WCAC are reviewed de novo. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401; 605 NW2d 300 (2000).

Rule 10 provides, in pertinent part:

> (1) . . . A petition to stop compensation shall include both of the following:
>
> (a) Proof of payment of compensation to within 15 days of the date of the filing of a petition to stop compensation.
>
> (b) An affidavit which sets forth the fact that the employee has returned to gainful employment and which substantially describes the nature of the employment, or a signed statement from a physician stating that the employee is able to return to his former employment.

MCL 418.205 authorizes the director of the bureau to "make rules not inconsistent with this act for carrying out the provisions of the act . . . ." Thus, a director who promulgates a rule that is inconsistent with the act or judicial decisions interpreting the act exceeds his authority. We agree with the WCAC that subsection 1(b) of Rule 10 is invalid for this reason.

In *Haske v Transport Leasing, Inc, Indiana*, 455 Mich 628, 662; 566 NW2d 896 (1997), the Supreme Court interpreted the definition of "disability" in MCL 418.301 *et seq.* and concluded that an employee must prove three things in order to be entitled to worker's compensation benefits: "(1) a work-related injury, (2) subsequent loss in actual wages, and (3) that the injury caused the subsequent wage loss." An employer is entitled to file a petition to stop compensation whenever it obtains evidence indicating a change in the employee's physical condition that negates any of these factors. See *Kosiel v Arrow Liquors Corp*, 446 Mich 374, 381-382; 521 NW2d 531 (1994). However, Rule 10 precludes an employer from filing a petition to stop compensation as long as an employee is unable to return to work, regardless of whether the work-related injury continues to be the

cause of the employee's wage loss. Thus, in cases in which an employee's work-related injury resolves itself but the employee continues to be disabled by a condition that is not work related, enforcement of the rule would implicitly compel payment of benefits for a disability that is not work related, in contravention of the language and purpose of the Worker's Disability Compensation Act and the holdings of *Haske, supra,* and *Kosiel, supra.* Accordingly, the WCAC correctly concluded that Rule 10 is invalid to the extent it is contrary to the provisions of the act and case law interpreting that act. Although plaintiff cites authority holding that the WCAC is bound by the rules of the bureau, see, e.g., *Paselli v Utley,* 282 Mich 267; 276 NW 444 (1937), the WCAC cannot be bound by rules that are inconsistent with the act.

Rule 10 also requires that a petition to stop compensation include proof of payment of compensation to within fifteen days of the petition. However, the rule is silent with regard to any sanction for failure to do so. In this case, defendants filed such proof two months late. As a result, the filing of the petition to stop compensation was held not to have been "perfected" until the date that the proof of payment was filed. An administrative agency's interpretation of its own rules is entitled to deference. *Thomas Twp v John Sexton Corp of Michigan,* 173 Mich App 507, 514; 434 NW2d 644 (1988); *Sibel v Dep't of State Police,* 154 Mich App 462, 465; 397 NW2d 828 (1986).

The penalty imposed in this case effectively sanctioned defendants for the late filing by limiting their recovery under MCL 418.833(2) to one year back from the date the proof of payment was filed, rather than one year back from the date the petition was filed.

Plaintiff has not shown how she was prejudiced in any way by the late filing, particularly in view of the fact that, had the petition to stop compensation been dismissed, it could have simply been refiled immediately with the proof of payment. Consequently, we find no error in this portion of the decision of the WCAC.

Plaintiff contends that there are alternatives to petitions to stop compensation that apply when an employee refuses to cooperate with rehabilitation, medical treatment, or evaluation or when there is a controversy with regard to benefits. However, even if plaintiff's arguments are accepted, it would still not remedy a situation where an employee continues to be disabled, but the reason for the continuing disability is not related to the employee's work-related injury. Although plaintiff contends that defendants could have avoided the requirements of Rule 10 by filing a petition for determination of rights rather than a petition to stop compensation, such a petition would not have accurately described the nature of the relief sought where the employer specifically seeks to terminate benefits. Further, avoidability cannot render an invalid rule valid. Plaintiff also contends that *Haske, supra,* is inapplicable because Rule 10 merely shifts the burden of proof to the employer to show that the employee is no longer disabled. However, as previously noted, this is of no help to the employer where the employee continues to be disabled from an injury that is not work related. Consequently, we find plaintiff's arguments in this regard unpersuasive.

Plaintiff next contends that the WCAC erred in affirming the decision granting defendants' petition to stop compensation because defendants failed to

prove that Joseph's spinal stenosis had resolved, improved, or changed in any way. Although plaintiff phrases this issue as one involving the burden of proof, it is really a request to have this Court reexamine the facts of the case, which we cannot do. The opinion of the WCAC must be affirmed if there is evidence in the record supporting its factual finding that Joseph's disability was no longer work related. MCL 418.861a(14); *Mudel, supra* at 709-710.

It is important to note that in the first decision issued in this case, the magistrate did not make any specific findings with regard to Joseph's medical condition, but simply adopted the opinion of Joseph's treating physician, Dr. Herkowitz. Herkowitz testified specifically that Joseph's work injury did not cause the MRI findings showing spinal stenosis, but did symptomatically aggravate Joseph's condition through a "stretching or pulling of the nerves and muscles in the narrowed area." The doctor's testimony was unequivocal that the injury was to soft tissues only. Therefore, the injury at issue did not directly involve Joseph's preexisting spinal stenosis; rather, it involved only the soft tissue in his lower back.

According to defendants' expert, Dr. Obianwu, the physical examination revealed that Joseph had no muscle spasm in the lower back or evidence of nerve impingement in that area. Obianwu accordingly concluded that the 1988 soft tissue injury could not be the cause of Joseph's current problems. We are therefore compelled to affirm the finding of the WCAC that defendants carried their burden of proof in establishing a change in Joseph's condition because there is evidence in the record supporting the finding.

Finally, plaintiff asserts that the doctrine of res judicata barred relitigation of the first magistrate's finding that Joseph's spinal stenosis was pathologically worsened by his fall at work. This argument is without merit in view of the fact that neither the magistrate nor Dr. Herkowitz ever made such a finding. At any rate, it is well established that res judicata does not preclude a reevaluation of Joseph's entitlement to benefits when there has been a change in his condition. See *Kosiel, supra* at 380; *Pike v City of Wyoming*, 431 Mich 589, 600-601; 433 NW2d 768 (1988) (opinion of GRIFFIN, J.); *Houg v Ford Motor Co*, 288 Mich 478, 481; 285 NW 27 (1939) ("[t]he doctrine of *res judicata* is limited in its operation when sought to be applied to man's physical condition which constantly changes and under a statute which provides that weekly payments may be reviewed and ended, diminished, or increased as the facts warrant").

We affirm.