STATE OF MICHIGAN
COURT OF APPEALS

WILLIAM G. THOMMEN,

        Plaintiff-Appellant,

UNPUBLISHED
April 23, 2015

v

No. 318354
MCAC
LC No. 11-000121

DELTA TUBE & FABRICATING
CORPORATION and GREAT LAKES
FABRICATORS & ERECTORS ASSOCIATION,

        Defendants-Appellees,

and

LIBERTY MUTUAL INSURANCE COMPANY,
RTB CONSTRUCTION INCORPORATED,
ACCIDENT FUND INSURANCE COMPANY
OF AMERICA, GOOD WOOD DECKS, G&L
CONSTRUCTION, MID-CENTURY
INSURANCE COMPANY, FOUR SEASONS
FRAMING INCORPORATED, CIRCLE S
CONTRACTING INCORPORATED,
WESTFIELD INSURANCE COMPANY,
HARRIS HOMES CARPENTRY
INCORPORATED, MICHIGAN COMMERCIAL
INSURANCE MUTUAL, SELF-INSURERS
SECURITY FUND, TIPSICO CUSTOM HOMES,
and MICHIGAN CONSTRUCTION INDUSTRY
FUND,

        Defendants.

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals by leave granted an order entered by the Michigan Compensation Appellate Commission (MCAC) that affirmed in part and reversed in part a magistrate's decision

-1-

awarding plaintiff worker's compensation benefits.  For the reasons set forth in this opinion, we affirm.

This case arises from a long and incomplete medical history.  Plaintiff injured his left foot in 1984 while working for defendant Delta Tube.  Decades later, he developed arthritis.  He claimed that the arthritis was caused by the 1984 injury.[1]  Following a hearing, the magistrate ruled in plaintiff's favor.  The MCAC reversed.  It ruled:

> When the record excludes Dr. Burton's testimony, we agree and find no other evidence to connect the 1984 injury to plaintiff's current disability arthritis.  Because no evidence connects the injury to plaintiff's current condition, we modify the magistrate's original rulings to reflect the most recent supplemental opinion.
>
> The magistrate also found the testimony of Jerry Matlen, M.D. persuasive.  However, that testimony was prefaced specifically on medical records that would establish a specific fracture that occurred in 1984.  Again, the absence of those records nullifies any import of Dr. Matlen's testimony.
>
> Likewise, the records of Dr. Manoli do not discuss the 1984 injury to identify the pathological change that produced the arthritic changes evident in 2007.  Like the other medical evidence, the records provide no foundation to link the 1984 injury to the arthritis because they do not identify the 1984 injury.
>
> Finally, plaintiff's exhibit 10 and his testimony cannot by themselves establish the precise 1984 injury that the experts presumed.  Again the description of the event does not establish the pathological change that the doctors assume.
>
> When we examine the evidence, plaintiff failed to prove that the 1984 work injury precipitated the 2007 arthritis.  Plaintiff suffered some unidentified injury in 1984.  The injury caused plaintiff's foot to bleed and swell.  No medical professional or medical record can identify the pathological change that occurred in 1984.  All of the medical professionals presume that a fracture precipitated plaintiff's arthritis.  However, plaintiff failed to prove that he suffered a fracture in 1984.

This Court granted leave to consider only "whether any evidence other than Dr. Stephen Burton's deposition testimony established a causal connection between plaintiff's 1984 injury

---

[1] "An employee bears the burden of proving the relationship between an injury and the workplace by a preponderance of the evidence." *Illes v Jones Transfer Co (On Remand)*, 213 Mich App 44, 51; 539 NW2d 382 (1995).  "An employee is entitled to compensation where the nexus between the employment and the injury is sufficient to conclude that the injury was a circumstance of the employment." *Id.*

and his present arthritic condition." *Thommen v Delta Tube & Fabricating Corp*, unpublished order of the Court of Appeals, entered May 16, 2014 (Docket No. 318354).

"Judicial review in worker's compensation cases is limited to whether the [MCAC] applied the correct legal standard and whether there is any evidence to support its factual findings." *Reiss v Pepsi Cola Metro Bottling Co, Inc*, 249 Mich App 631, 635; 643 NW2d 271 (2002). The magistrate's findings of fact "shall be considered conclusive by the commission if supported by competent, material, and substantial evidence on the whole record." MCL 418.861a(3). "Substantial evidence" is "such evidence, considering the whole record, as a reasonable mind will accept as adequate to justify the conclusion." *Id.* "The evidence must be more than a scintilla, but it may be less than a preponderance." *Blanzy v Brigadier Gen Contractors, Inc*, 240 Mich App 632, 637; 613 NW2d 391 (2000). "Where substantial evidence on the whole record does not exist to support the magistrate's factual finding, the [MCAC] may substitute its own finding of fact for that of the magistrate." *Mattison v Pontiac Osteopathic Hosp*, 242 Mich App 664, 670; 620 NW2d 313 (2000), overruled in part on other grounds by *Rakestraw v Gen Dynamics Land Sys, Inc*, 469 Mich 220, 230; 666 NW2d 199 (2003).

Due to the limited scope of judicial review of the MCAC's decision, this Court "may not substitute [its] own judgment for that of the [MCAC] by independently reviewing [the] magistrate's decision to determine whether there is competent, material, and substantial evidence on the whole record supporting the magistrate's findings of fact." *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 706; 614 NW2d 607 (2000). "The judiciary is simply not empowered to look beyond the [MCAC's] findings of fact." *Id.* "[T]he judiciary reviews the [MCAC's] findings of fact under the 'any evidence' standard." *Id.* at 698. "As long as there exists in the record any evidence supporting the [MCAC's] decision, and as long as the [MCAC] did not misapprehend its administrative appellate role" in reviewing the magistrate's decision by, for example, engaging in de novo review or applying the wrong rule of law, "this Court must treat the [MCAC's] factual finding as conclusive." *Id.* at 703-704, 718.

Plaintiff's testimony and work records indicated that plaintiff injured his left foot at work in 1984. The injury was described as a crush injury as having resulted from a heavy object falling on plaintiff's foot. The foot was corrected by surgery, but due to the absence of medical records from that time, the extent of the damage or precise nature of the injury to the foot at that time is unknown. Medical records and testimony showed that by 2006 or 2007, there were arthritic changes in the foot. In 2009, there were signs of a Lisfranc injury. A crush injury to the foot can cause a Lisfranc injury, and a Lisfranc injury can cause arthritis, but it was not known whether the Lisfranc injury found in 2009 was sustained in 1984. The evidence showed only that it may have been sustained sometime before 2009/2010, as one doctor described it as "old" and another described it as "chronic." However, it is not known whether those descriptions were based on the actual condition of the foot or were based on the injury as it existed in 2009/2010, coupled with plaintiff's report that his foot problems dated back to the 1984 injury. Without evidence establishing that the 1984 injury resulted in the Lisfranc injury, it cannot be determined that the arthritis secondary to the Lisfranc injury was causally related to the 1984 crush injury. There was no evidence to show that any type of crush injury that is surgically corrected, even if not a Lisfranc injury, can cause arthritis. There being no evidence to establish "a causal connection between plaintiff's 1984 injury and his present arthritic condition," the MCAC's finding to that effect is supported by the record.

Affirmed.  No costs are awarded.  MCR. 7.219(A).


/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause
/s/ Michael J. Riordan