LANZO CONSTRUCTION COMPANY, INC. v DEPARTMENT OF LABOR

Docket No. 77-95. Submitted June 6, 1978, at Lansing.—Decided October 17, 1978. Leave to appeal applied for.

Plaintiff Lanzo Construction Company, Inc., was served with a civil citation by defendant Michigan Department of Labor alleging a willful violation of the Michigan Occupational Safety and Health Act (OSHA) and fixing a proposed penalty of $10,000. Plaintiff did not petition the Department of Labor for modification or dismissal of the citation within 15 working days as required to prevent the proposed penalty from becoming a final order. Subsequently, plaintiff petitioned defendant to permit late filing of such a petition, alleging excusable neglect. Defendant denied plaintiff's request and plaintiff sought review in circuit court. The Macomb Circuit Court, Hunter D. Stair, J., vacated defendant's denial of the request and ordered defendant to afford plaintiff a full evidentiary hearing on the citation. Defendant appeals. *Held:*

1. The Michigan Occupational Safety and Health Act vests the Board of Health and Safety Compliance and Appeals with discretion to hear an employer's petition for modification or dismissal of a citation and penalty filed after the 15-working-day time period has expired where the employer shows good cause for having failed to meet the 15-working-day deadline and a meritorious defense.

2. It is for the Board of Health and Safety Compliance and Appeals to determine how strict the good cause standard needs to be and whether plaintiff's allegations, if proven, constitute good cause.

Reversed and remanded to the Board of Health and Safety Compliance and Appeals for further proceedings.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 146.
[2] 73 Am Jur 2d, Statutes §§ 146, 155.
[3] 73 Am Jur 2d, Statutes §§ 155, 156.
[4] 73 Am Jur 2d, Statutes § 156.
[5] 2 Am Jur 2d, Administrative Law § 234.
[6] [No Reference]

1. CONSTITUTIONAL LAW—STATUTES—STATUTORY CONSTRUCTION.

While courts may not usurp the law-making function of the Legislature, the proper construction of a statute is a judicial function and the court is required to discover the legislative intent.

2. STATUTES—CONSTRUCTION—DOUBTFUL MEANING.

Where the language of a statute is of doubtful meaning a reasonable construction must be given, looking to the purpose subserved thereby.

3. STATUTES—STATUTORY CONSTRUCTION—STATUTORY PURPOSE.

The occasion and necessity of a statute are matters of judicial concern, and its purpose should be effected if possible.

4. STATUTES—STATUTORY CONSTRUCTION.

In construing a statute, its spirit and purpose should prevail over its strict letter, injustice in its application should be prevented and absurd consequences avoided.

5. STATUTES—STATUTORY CONSTRUCTION—AMBIGUITY—ADMINISTRATIVE INTERPRETATION OF STATUTES.

An administrative interpretation of a statute, while entitled to respectful consideration, is not binding on the courts and must be rejected where it is not in accord with the intent of the Legislature.

6. ADMINISTRATIVE LAW—OSHA—CIVIL CITATIONS—PETITION TO MODIFY OR DISMISS—LATE FILING.

The Michigan Occupational Safety and Health Act vests the Board of Health and Safety Compliance and Appeals with discretion to hear an employer's petition for modification or dismissal of a citation and penalty filed after the 15-working-day time period has expired where the employer shows good cause for having failed to meet the 15-working-day deadline and shows a meritorious defense (MCL 408.1001 *et seq.;* MSA 17. 50[1] *et seq.).*

*Ivan E. Barris* and *Michael H. Golob,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Patrick E. Kowaleski,* Assistant Attorney General, for defendant.

Before: ALLEN, P.J., and CYNAR and D. R. FREE-MAN,* JJ.

D. R. FREEMAN, J. On May 14, 1976, plaintiff was served by defendant with a civil citation alleging a wilful violation of the Michigan Occupational Safety and Health Act, MCL 408.1001 *et seq.;* MSA 17.50(1) *et seq.* (hereinafter OSHA). The citation fixed a proposed penalty of $10,000. Section 41 of the OSHA provides that if an employer does not petition the Department of Labor (hereinafter the Department) for modification or dismissal within 15 working days of receipt of the citation and proposed penalty, the citation and proposed penalty shall be deemed a final order of the Board of Health and Safety Compliance and Appeals (hereinafter the Board). On June 16, 1976, plaintiff petitioned the Department to permit tardy filing of a petition. By way of excuse for its failure to timely contest the citation, plaintiff alleged that a criminal complaint had also been issued against it on May 6, 1976, as a result of the alleged wilful violation of OSHA; that the criminal complaint, like the civil citation, called for a $10,000 fine; that the president of plaintiff corporation mistakenly believed that the civil citation related solely to the pending criminal action; that, because the president of plaintiff corporation had already retained legal counsel to handle the criminal proceeding, he mistakenly believed that he need take no additional action with regard to the civil citation; that the president of plaintiff corporation did not notify his counsel of the civil citation until June 10, 1976; and that plaintiff had a meritorious defense to the civil citation involving whether the Department would be able to prove that the violation was wilful.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On the basis of § 41 of OSHA, the Department rejected plaintiff's petition ruling that it was not timely and that neither the Department nor the Board had authority to extend or waive the 15-working-day time period. Plaintiff sought review of this decision in circuit court pursuant to § 44 of OSHA and the Administrative Procedures Act of 1969, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* (hereinafter the APA). The circuit court vacated defendant's decision rejecting plaintiff's untimely petition and ordered the Department to afford plaintiff a full evidentiary hearing on the citation. Defendant appeals as of right.

Both the civil and the criminal proceeding arose out of an accident that occurred at plaintiff's construction site. The wall of a trench collapsed killing one of plaintiff's employees. The Department alleged in both the civil and the criminal proceeding that plaintiff had wilfully failed to shore and slope the trench as required by OSHA and regulations promulgated pursuant thereto. On appeal to the circuit court, plaintiff asserted that, on June 14, 1976, following a preliminary examination, the criminal complaint had been dismissed because the prosecution had failed to establish the element of wilfulness.

Section 41 of OSHA provides:

*"Within 15 working days after receipt of a citation and proposed penalty, if any, an employer may petition the appropriate department for a grant of additional time for compliance modification, or dismissal of the citation and any proposed penalty.* Within 15 working days after the employer has received a citation, an employee or employee representative may petition the appropriate department, alleging the period of time fixed in the citation for the abatement of the violation is unreasonable. When a petition is submitted to the

department by the employer, the employer shall transmit a copy immediately to the affected employees or the employee representative. When a petition is submitted to the department by an employee or employee representative, the department shall submit a copy of the petition immediately to the employer after, if so requested by the employee or employee representative, deleting the name of the employee or employee representative. *If the employer, employee or employee representative does not petition the department within the 15 working days after receipt of the citation and proposed penalty if any, the citation or proposed penalty shall be deemed a final order of the board.* Upon receipt of a petition, the appropriate department may modify the time schedule for compliance, may modify or dismiss the citation and any proposed penalty and shall notify the employer of its decision within 15 working days after receipt of the petition. The employer shall promptly post the notice of the department's decision together with the appropriate citation. The decision of the department shall become final 15 working days after receipt of the decision. Within 15 working days after receipt of the department's decision an employer may appeal the decision to the board. Within 15 working days after the employer has received the director's decision, an employee or employee representative may appeal the decision to the board with respect to the violation abatement period." (Emphasis added.) MCL 408.1041; MSA 17.50(41).

Section 42 provides that, where an employer timely petitions for review, the Board shall afford an opportunity for an evidentiary hearing before a hearing officer; that the hearing officer shall report his final decision to the Board; and that if, within 30 days, no board member directs that the hearing officer's decision be reviewed by the Board, it shall become a final order of the Board. Section 44 of OSHA provides that the person aggrieved by an order of the Board may obtain judicial review pursuant to the APA.

We perceive the underlying issue in this case to be whether OSHA vests the Board with discretion to entertain an employer's petition for modification or dismissal of a citation and penalty filed after the 15-working-day time period has expired. We hold that it does.

Certain well established rules of statutory construction were succinctly stated in *Webster v Rotary Electric Steel Co,* 321 Mich 526, 531; 33 NW2d 69 (1948):

"Although we may not usurp the law-making function of the legislature, the proper construction of a statute is a judicial function,* * * and we are required to discover the legislative intent. * * * .

"Where, however, the language is of doubtful meaning, a reasonable construction must be given, looking to the purpose subserved thereby. * * * Its occasion and necessity are matters of judicial concern, * * * and its purpose should prevail over its strict letter * * * . *Injustice in its application should be prevented, * * ** and absurd consequences avoided * * * ." (Citations omitted; emphasis added.)

The clear purpose of the 15-working-day/final order provision is to assure that employers who have been cited for violations of OSHA will promptly respond. However, while § 41 of OSHA provides that if an employer does not petition the Department within 15 working days, the citation and proposed penalty shall be deemed a final order of the Board, OSHA does not contain language expressly empowering the Board to set aside such a final order and entertain an untimely petition, or language prohibiting it from doing so. The statute is ambiguous in this regard. .

We note that the Board, in the past, has construed § 41 as fixing a *jurisdictional* time limit of 15 working days for administrative review of a

citation and proposed penalty. *Department of Health v Detroit Diamond, Inc,* Board of Health and Safety Compliance & Appeals Docket No. NOA 75-64AA (1976). While the construction given a statute by those charged with the duty of administering it is entitled to respectful consideration, especially when the statute is ambiguous, such an administrative interpretation is not binding on the Courts and must be rejected if not in accord with the intent of the Legislature. *Howard Pore, Inc v State Comm'r of Revenue,* 322 Mich 49, 66; 33 NW2d 657 (1948).

A statute should be construed with an eye toward the result. *Cronin v Minster Press,* 56 Mich App 471, 476; 224 NW2d 336 (1974). The result of the Board's construction would be that every employer who petitioned after the 15-working-day time limit would be denied review of the citation and penalty by the Department, would be denied an evidentiary hearing before a hearing officer and would be denied review by the Board, all without regard to the reason it failed to timely petition and without regard to whether it had a meritorious defense. Even were the employer able to show that it was impossible for it to meet the 15-working-day deadline, and that it had an absolute defense, its belated petition would be dismissed, the citation and proposed penalty would be deemed the final order of the Board and the employer's opportunity to contest the citation in an evidentiary hearing would have been irretrievably lost.[1] Such a construction works an injustice and

---

[1] We are cognizant that § 44 of OSHA affords a right to judicial review of the Board's orders; and that § 106 of the APA provides that the reviewing court shall set aside an agency decision if substantial rights of the petitioner have been prejudiced because the decision is not supported by competent, material and substantial evidence on the whole record, or because it was arbitrary, capricious or clearly an abuse of discretion. However, in our view, plaintiff would not be

should be avoided. *Stanley v Hinchliffe & Kenner,* 395 Mich 645, 657; 238 NW2d 13 (1976); *Webster v Rotary Electric Steel Co, supra; Zawacki v Detroit Harvester Co,* 310 Mich 415, 420; 17 NW2d 234 (1945). We do not believe that the Legislature intended this result. Accordingly, we reject the Board's construction and hold that it does have jurisdiction to entertain an untimely petition.

The scheme of administrative review provided for in §§ 41 and 42 of OSHA indicates the Legislature's solicitude for the rights of employers cited for violations. Further, although the present Michigan statute in many ways parallels the earlier enacted Federal occupational safety & health act, 29 USC 651 *et seq.,* it does not include the Federal provision expressly stating that a final order entered by virtue of an employer's failure to timely contest a citation shall not be reviewable by any court or agency. 29 USC 659(a). We interpret the 15-working-day/final order provision in our statute to mean that an employer waives administrative review as of right when he fails to timely contest a

entitled to have this order set aside and the matter remanded for an evidentiary hearing on either of these grounds.

In this case, the citation became a final order of the Board solely by virtue of the fact that plaintiff did not timely contest it; no adversarial hearing was had, no evidentiary record was made. If plaintiff were entitled to have the Board's order set aside for lack of evidentiary support, every employer who, with or without justifiable excuse, failed to meet the 15-working-day deadline would be entitled to have the resulting order set aside. The 15-working-day/final order provision would be rendered nugatory. We note that § 78 of the APA expressly provides that disposition may be made of a contested case by waiver or default, and conclude that the competent, material and substantial evidence requirement is inapplicable to an order such as is involved here.

Again, if the 15-working-day/final order provision were jurisdictional, the Board would be without discretion to set aside an order entered pursuant thereto. This is precisely the position the Department took in this case. If neither the Department nor the Board exercised discretion, on appeal, the circuit court could not reverse for abuse of discretion.

citation. By implication, however, the Board is vested with discretion to review such a final order and to determine whether it should be set aside and an untimely petition accepted.

The general similarity between this situation and a motion to set aside a default judgment entered in an ordinary civil suit is obvious. See *Frank Irey, Jr., Inc v Occupational Safety & Health Review Comm*, 519 F2d 1200, 1205–1206 (1975). We hold, therefore, that the Board, in its discretion, may set aside a final order such as was entered here and grant a belated petition for review where an employer shows "good cause" for having failed to meet the 15-working-day deadline and that it has a meritorious defense. Without suggesting that it is directly applicable here, we refer the Board for general guidance in this matter to GCR 1963, 520.4.[2]

It should be made crystal clear that we do not intend by our construction of § 41 of OSHA to appreciably diminish the incentive created by the 15-working-day/final order provision for an employer to promptly respond to a civil citation issued by the department. We hasten to add, therefore, that the "good cause" standard in this context is not necessarily identical to that developed in cases involving motions to set aside default judgments in ordinary civil suits. We leave it to the wisdom of the Board to determine whether the effective enforcement of OSHA dictates that it

___

[2] We deem it appropriate, at this time, to leave for the Board the delineation of the procedure by which it will afford an employer an opportunity to establish "good cause" and a meritorious defense, subject, of course, to judicial review pursuant to § 106(1)(c) of the APA. In any case, however, an order denying an untimely petition for review would be a final order governed by the requirements of § 85 of the APA, and the Board's findings of fact and conclusions of law as to the absence of "good cause" or a meritorious defense must be set forth with sufficient clarity to permit judicial review.

apply a stricter standard, and we express no opinion at this time as to whether the allegations made by this plaintiff, if established as true to the satisfaction of the Board, constitute "good cause".

The circuit court's order is hereby vacated and the matter is remanded to the Board for further proceedings not inconsistent with this opinion.