Per Curiam.
 

 In this wrongful discharge action, plaintiff, Michael E. Grant, appeals as of right from the circuit court’s order denying his request for an order of superintending control and to show cause. We affirm.
 

 Citing incompetence, defendant, Meridian Charter Township discharged plaintiff—a Vietnam war veteran—from his employment as a paramedic. Plaintiff alleges that the discharge was in violation of the procedures outlined in the Veterans’ Preference Act (vpa), MCL 35.401
 
 et seq.,
 
 and that in reviewing the matter the circuit court failed to properly employ the applicable standard of review.
 
 [1]
 
 Generally, we review a circuit court’s decision to deny a request for superintending control for an abuse of discretion.
 
 In re Gosnell,
 
 234 Mich App 326, 333; 594 NW2d 90 (1999). However, to the extent that resolution of this matter
 
 *15
 
 requires that we interpret the provisions of the vpa, our review is de novo. See, e.g.,
 
 Oakland Co Bd of Co Rd Comm’rs v Michigan Property & Casualty Guaranty Ass’n,
 
 456 Mich 590, 610; 575 NW2d 751 (1998).
 

 The first issues to be resolved in this matter are whether defendant complied with the procedural requirements of the vpa in discharging plaintiff and, if not, what remedies are available to plaintiff as a result of that failure. Section 402 of the vpa provides, in relevant part, that “[n]o veteran . . . shall be removed . . . except for . . . incompetency; and [that] such veteran shall not be removed . . . except after a full hearing before . . . the township board . . . .” MCL 35.402. This section further provides that, at least fifteen days before the pretermination hearing, the veteran must be given written notice of both the cause for removal and the fact that the veteran can only be removed on written order of the board after a full hearing has been held.
 
 Id.
 
 In this case, it is undisputed that plaintiff was never afforded such notice and was removed before a hearing before defendant’s township board, in clear violation of the quoted statutory language. See
 
 Sherrod v Detroit,
 
 244 Mich App 516, 523; 625 NW2d 437 (2001), quoting
 
 Jackson v Detroit Police Chief,
 
 201 Mich App 173, 176; 506 NW2d 251 (1993).
 

 However, in addition to the pretermination notice and hearing requirements discussed above, the vpa provides “[t]hat where [a] veteran has been removed . . . other than in accordance with . . . this act, he shall file a written protest. .. within 30 days . ..; otherwise the veteran shall be deemed to have waived the benefits and privileges of this act . . . .” MCL 35.402. Relying on this language, as well as this
 
 *16
 
 Court’s decision in
 
 Adams v Detroit,
 
 184 Mich App 589; 458 NW2d 903 (1990), defendant argues that the posttermination hearing held at plaintiff’s request was sufficient to meet the requirements of the vpa, despite defendant’s failure to afford plaintiff a pretermination hearing. We disagree. This Court more recently discussed the apparent conflict within § 402 as follows:
 

 Defendants rely on
 
 Adams [supra
 
 at 597], where this Court expressed strong disagreement with the plaintiff’s argument that the vpa required his employer to hold a full hearing before his termination.
 
 Id.
 
 However, another panel of this Court, in
 
 Jackson, supra
 
 at 177, n 1, rejected the conclusion in
 
 Adams
 
 that the employer need not hold a hearing before taking action. We are bound to follow
 
 Jackson,
 
 which was issued after November 1, 1990. MCR 7.215(H)(1). Moreover,
 
 Jackson
 
 conforms with the plain language of the act, which states that a “veteran shall not be removed, transferred or suspended for any cause above enumerated from any office or employment, except
 
 after
 
 a full hearing . . . .” MCL 35.402] ] (emphasis added). See also
 
 Jackson, supra
 
 at 177.
 

 * * *
 

 . . . [T]he quoted language does not give employers the option to hold the hearing after the suspension. Rather, the language is akin to a preservation requirement in that the employee must either file a written protest within the specified period or waive the privileges of the vpa. See, e.g.,
 
 Cook v Jackson,
 
 264 Mich 186, 188; 249 NW 619 (1933). Further, to allow the employer to hold the hearing after the adverse employment action would render nugatory the language stating that the “veteran shall not be . . . suspended . . . , except after a full hearing . . . ." This Court avoids any construction that would render any part of a statute surplusage or nugatory.
 
 People v Borchard-Ruhland,
 
 460 Mich 278, 285; 597 NW2d 1 (1999).
 
 [Sherrod, supra
 
 at 524-525.]
 

 
 *17
 
 Accordingly, we conclude that defendant violated the vpa when it failed to afford plaintiff a full hearing before discharge. However, although violation of the VPA may be a criminal misdemeanor subject to a fine or imprisonment, MCL 35.403, a veteran’s right to relief under the act is limited. As we stated in
 
 Jackson, supra
 
 at 177:
 

 [T]he remedy the VPA provides for a violation of the right to notice and a hearing is not automatic reinstatement with back pay. Because plaintiff was demoted without a hearing, he was required to file a written protest with the mayor or he would be deemed to have waived the protections of the vpa. MCL 35.402[ ]. If plaintiff filed such a protest, the mayor would be required to conduct a hearing, or refer the protest to the city’s legal department to conduct a hearing.
 
 Id.
 
 Plaintiff would be entitled to back pay only if the mayor found plaintiff’s allegations to be true and determined that he should be reinstated.
 
 Id.;
 
 see also
 
 Valentine v Redford Twp Supervisor,
 
 371 Mich 138, 147; 123 NW2d 227 (1963).
 

 Further, we have stated:
 

 MCL 35.402[ ] entitles veterans removed from public employment to back pay only in situations where they are reinstated. We also are reluctant to award back pay in situations where a discharge is substantially proper but proceduraily deficient. Because defendants discharged plaintiff for cause, he suffered no economic loss. An award of back pay would serve only to penalize defendants. The record reveals that the delay in holding a Veterans’ Preference Act hearing resulted primarily from confusion over who would hold the rather unusual hearing. Under these circumstances, we do not believe an award of back pay would deter future procedural errors and are not inclined to award back pay.
 
 [Ingham Co Employees’ Ass’n v Ingham Circuit Court,
 
 170 Mich App 118, 122; 428 NW2d 7 (1988).]
 

 
 *18
 
 The record in the instant matter similarly holds no evidence of an intentional violation of the act. Therefore, we affirm the circuit court’s decision because, although it incorrectly held that plaintiff was afforded “all the process that was due and was required,” plaintiff is nonetheless entitled to no relief under the vpa. MCL 35.402, 35.403;
 
 Ingham Co Employees Ass’n,
 
 supra;
 
 Jackson, supra.
 

 Next, we consider whether the circuit court properly employed the applicable standard of review, i.e., whether the township board’s decision to terminate plaintiff was supported by competent, material, and substantial evidence.
 
 Smith v Mayor of Ecorse,
 
 81 Mich App 601, 604-605; 265 NW2d 766 (1978). See also
 
 Egan v Detroit,
 
 150 Mich App 14, 20; 387 NW2d 861 (1986) (discussing circuit court review under the VPA). Our review of the circuit court’s decision is limited to determining whether the court “applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency’s factual findings.”
 
 Boyd v Civil Service Comm,
 
 220 Mich App 226, 234; 559 NW2d 342 (1996). In other words, this Court reviews the circuit court’s decision for clear error.
 
 Id.
 
 A decision is clearly erroneous when, “on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made.”
 
 Id.
 
 at 235.
 

 In applying the competent, material, and substantial evidence test, the circuit court must review the entire record, not just those portions supporting the lower tribunal’s findings.
 
 Great Lakes Sales, Inc v State Tax Comm,
 
 194 Mich App 271, 280; 486 NW2d 367 (1992). Substantial evidence is any evidence that reasonable minds would accept as sufficient to support the deci
 
 *19
 
 sion; it is more than a mere scintilla of evidence but may be less than a preponderance of the evidence. See
 
 Korzowski v Pollack Industries,
 
 213 Mich App 223, 228; 539 NW2d 741 (1995). If there is sufficient evidence, the circuit court may not substitute its discretion for that of the lower tribunal, even if the court might have reached a different result.
 
 Black v Dep’t of Social Services,
 
 195 Mich App 27, 30; 489 NW2d 493 (1992). Further, the tribunal’s findings of fact are afforded deference.
 
 THM, Ltd v Comm’r of Ins,
 
 176 Mich App 772, 776; 440 NW2d 85 (1989). This is especially true with respect to witness credibility and evidentiary questions.
 
 Arndt v Dep’t of Licensing & Regulation,
 
 147 Mich App 97, 101; 383 NW2d 136 (1985).
 

 Here, although in denying plaintiff’s request the circuit court did not specifically mention whether the township board’s decision was supported by “competent, material and substantial evidence on the whole record,”
 
 Egan, supra
 
 at 20, it did, after properly recognizing that it could not substitute its opinion for that of the township board,
 
 Black, supra
 
 at 30, find that “there was evidence on the record to support [the board’s] findings.” This oral ruling was a sufficiently proper characterization of the substantial evidence test to lead us to conclude that the circuit court neither misapprehended nor misapplied the applicable standard of review.
 
 Boyd, supra.
 
 Moreover, after reviewing the record, we are not persuaded that the circuit court clearly erred in finding that the board’s factual findings were supported by the requisite quantum of evidence.
 
 Id.
 
 Although plaintiff presented the township board with testimonial and documentary evidence favorable to his request
 
 *20
 
 for reinstatement, additional evidence presented to the board indicated that there were serious concerns regarding plaintiffs competence as a paramedic. Inasmuch as a reasoning mind could accept this latter evidence as sufficient to support the board’s decision,
 
 Korzowski, supra,
 
 we are not left with a definite and firm conviction that a mistake has been made.
 

 We affirm.
 

 [1]
 

 We have consolidated plaintiff’s repetitive issues for appeal.