DIGNAN v MICHIGAN PUBLIC SCHOOL EMPLOYEES
RETIREMENT BOARD

Docket No. 231533. Submitted September 12, 2002, at Lansing. Decided
October 29, 2002, at 9:00 A.M.

Patricia J. Dignan, who retired as superintendent of the Milan Public
School District, initiated a contested case proceeding to contest the
decision of the Michigan Public School Employees Retirement Sys-
tem to exclude from compensation on which her pension benefits
are to be based $14,500 she received at the termination of her
employment. In proceedings before a hearing officer, the retire-
ment system contended that the amount in dispute was the termi-
nal allowance provided in Dignan's employment contract and is
excluded by the Public School Employees Retirement Act, MCL
38.1301 *et seq.*, in the calculation of pension benefits, while Dignan
and a former school district financial officer testified that it was a
longevity bonus that is included by the retirement act in the calcu-
lation of pension benefits. The hearing officer proposed to the
Michigan Public School Employees Retirement Board that it issue a
decision in favor of Dignan. The board rejected the hearing officer's
proposal and issued a decision in favor of the retirement system.
Dignan petitioned the Washtenaw Circuit Court for judicial review
of the board's decision. The court, Donald E. Shelton, J., reversed
the board's decision, ruling that the board failed to properly defer
to the hearing officer, who had an opportunity to observe the wit-
nesses. Respondent retirement board appealed by leave granted.

The Court of Appeals *held*:

The circuit court did not apply correct legal principles and mis-
apprehended and grossly misapplied the substantial evidence test
to the retirement board's findings. The circuit court erroneously
elevated the hearing referee's proposal for decision to the status of
a final agency decision. The sole question that the circuit court
should have decided was whether the retirement board's decision
was supported by the law and the facts. The retirement board's
decision was supported by unambiguous language in the peti-
tioner's employment contract that the disputed payment was a ter-
minal allowance.

Reversed and remanded for further proceedings.

1. ADMINISTRATIVE LAW — JUDICIAL REVIEW — COURT OF APPEALS.

  The Court of Appeals reviews a lower court's review of an agency decision to determine whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings.

2. ADMINISTRATIVE LAW — JUDICIAL REVIEW — CIRCUIT COURT.

  A circuit court's review of an administrative agency's decision is limited to determining whether the decision was contrary to law, was supported by competent, material, and substantial evidence on the whole record, was arbitrary or capricious, was clearly an abuse of discretion, or was otherwise affected by a substantial and material error of law (Const 1963, art 6, § 28; MCL 24.306).

*Manchester & Associates* (by *Thomas C. Manchester*) for the petitioner.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Stephen M. Rideout*, Assistant Attorney General, for the respondent.

Before: HOLBROOK, JR., P.J., and ZAHRA and OWENS, JJ.

ZAHRA, J. Respondent Michigan Public School Employees Retirement Board appeals by leave granted from a circuit court order modifying respondent's decision in this claim disputing the calculation of petitioner Patricia J. Dignan's retirement benefits. We reverse and remand.

I. FACTS AND PROCEDURE

Petitioner was employed by the Milan Public School District for approximately 7½ years. She retired in September 1995. For the first five years, petitioner was employed as an assistant superintendent, and for the remaining 2½ years she served as superintendent. Petitioner was employed pursuant to a contract she signed in March 1993. The contract

covered customary matters such as petitioner's salary, fringe benefits, and duties. Paragraph 15 of the contract was entitled "Terminal allowance" and provided for $2,000 for each year of service. Paragraph 15 reads:

> 15. Terminal allowance. At termination of employment with Milan Area Schools sick leave allowance will be granted to the Superintendent at the rate of $75 for each unused sick leave day up to a maximum of $12,000. At termination of employment, $2,000 per year of service as administrator at Milan Area Schools will be granted.

The contract was amended by the board of education on April 13, 1994, in some respects. Petitioner signed the amendment on May 11, 1994. The following language in the amendment pertains to ¶ 15 of the original contract: "The original contract, (paragraph 15-Terminal Allowance) unused sick leave days will *no longer be compensated* ($75/unused day) upon termination of employment. However, $2,000 per year of service as administrator at Milan Area Schools will still be granted." (Emphasis in original.)

In January 1997, petitioner objected to the manner in which the Michigan Public School Employees Retirement System (MPSERS) calculated her "final average compensation" (FAC) in determining the amount of her retirement pension.[1] Petitioner claimed that several payments she had received as superintendent were erroneously omitted from her FAC. The only

---

[1] Under the Public School Employees Retirement Act, MCL 38.1301 *et seq.*, the amount of a pension is based, in part, on the retiree's FAC. See MCL 38.1304(12) and MCL 38.1303a(2). The FAC is determined by averaging the retiree's compensation for the last thirty-six months of employment. MCL 38.1304(12). Longevity pay is included in "compensation," while payments such as bonuses are not. MCL 38.1303a(2)(d) and MCL 38.1303a(3)(b).

issue in this case concerns petitioner's claim that a $14,500 payment made pursuant to the "Terminal allowance" provision constituted longevity pay.

Petitioner's complaint was treated as a contested case, and administrative proceedings before a hearing referee were conducted. Petitioner presented a January 29, 1997, letter from Norm Kreager, the former director of business and finance for Milan Area Schools. Among other things, the letter stated Kreager's understanding that petitioner's contract provided $2,000 for each year of service "for longevity payments." Petitioner testified that she understood the contract to provide for longevity pay. The MPSERS argued that the "Terminal allowance" provision of the contract did not provide for longevity pay and the $14,500 payment should not be included in computing petitioner's FAC.

The hearing referee found that the $14,500 payment was not reported to the MPSERS as longevity pay and that retirement contributions were not made in connection with that payment. Nonetheless, the referee accepted petitioner's testimony and Kreager's letter in finding that the $14,500 "was intended to cover the $2,000 per year longevity pay that [petitioner] was entitled to, but had not received for 7½ years." On that basis, the referee concluded that the $14,500 payment should be included in petitioner's compensation for purposes of determining her pension.

The MPSERS timely filed with respondent exceptions to the hearing referee's findings and conclusions. Respondent found Kreager's correspondence to be "unsubstantiated." Respondent also determined that the 1994 contract addendum left in place the original contract language regarding the terminal allowance and, therefore, by its terms, provided for a "terminal

allowance, not longevity payments." Respondent noted that under the contract, the payment was to be made only at the end of petitioner's employment. Respondent further noted that the school district had not treated the sum as longevity payments and did not make retirement contributions based on the sum. Respondent concluded that the preponderance of the evidence showed the $14,500 was either a bonus or remuneration paid for the purpose of increasing petitioner's final average compensation.[2]

Petitioner appealed to the circuit court. The circuit court reasoned that the hearing referee had the opportunity to hear the testimony and observe the witnesses, whereas respondent had only a record to review. The circuit court ruled that respondent failed to afford the hearing referee's decision proper deference, and reversed respondent's decision concerning the terminal allowance issue. This appeal followed.

II. ANALYSIS

A. STANDARD OF REVIEW

1. COURT OF APPEALS REVIEW OF THE CIRCUIT COURT DECISION

This Court reviews a lower court's review of an agency decision to determine "whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Boyd v Civil Serv Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996). This standard of review is the same as a

---

[2] Bonus payments and remuneration paid for the purpose of increasing FAC are not included in "compensation" when calculating FAC. MCL 38.1303a(3)(b) and (e).

"clearly erroneous" standard of review. *Id.* at 234-235. A finding is clearly erroneous when, "on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made." *Id.* at 235.

### 2. CIRCUIT COURT'S REVIEW OF THE AGENCY'S DECISION

A circuit court's review of an administrative agency's decision is limited to determining whether the decision was contrary to law, was supported by competent, material, and substantial evidence on the whole record, was arbitrary or capricious, was clearly an abuse of discretion, or was otherwise affected by a substantial and material error of law. Const 1963, art 6, § 28; MCL 24.306; *Boyd, supra* at 232. "Substantial" means evidence that a reasoning mind would accept as sufficient to support a conclusion. *Kotmar, Ltd v Liquor Control Comm*, 207 Mich App 687, 689; 525 NW2d 921 (1994). Courts should accord due deference to administrative expertise and not invade administrative fact finding by displacing an agency's choice between two reasonably differing views. *MERC v Detroit Symphony Orchestra*, 393 Mich 116, 124; 223 NW2d 283 (1974); *In re Kurzyniec Estate*, 207 Mich App 531, 537; 526 NW2d 191 (1994).

### B. THE RELEVANT STATUTES

The Public School Employees Retirement Act empowers respondent to determine what remuneration should be considered part of a retiree's final compensation. MCL 38.1303a(5). A petitioner who seeks to have remuneration included in his final compensation has the burden of proof. MCL 38.1303a(6).

Disputes concerning the calculation of final compensation are resolved by initiating a contested case under the Administrative Procedures Act. MCL 24.201 *et seq.* A "contested case" is any proceeding in which a determination of legal rights, duties, or privileges is made after an opportunity for an evidentiary hearing. MCL 24.203(3). A "presiding officer" at such a hearing must be impartial, but may be a member of the agency or a hearing officer designated and authorized by the agency. MCL 24.279. The powers of a presiding officer are provided in MCL 24.280. A presiding officer is required to prepare a written "proposal for decision" containing reasons and findings necessary to the *proposed* decision. MCL 24.281(2). The proposal becomes the "final decision of the agency" only if exceptions are not filed or there is no other review or action by the agency. MCL 24.281(3). "On appeal from or review of a proposal of decision the agency . . . shall have all the powers which it would have if it had presided at the hearing." *Id.*

The agency makes the "final decision or order" in a contested case. MCL 24.285. The decision must be based on the record as a whole and supported by and in accordance with the competent, material, and substantial evidence. *Id.* The official record of the agency includes any decision, opinion, order, or report of a presiding officer. MCL 24.286(1)(f). Judicial review is of an agency's final decision or order in a contested case. MCL 24.301; MCL 24.306(1).

### C. THE CIRCUIT COURT'S ERRONEOUS REVIEW

The foregoing statutes establish a scheme by which an agency's final decision is subject to judicial review. The circuit court in this case erroneously applied the

judicial standard of review of an agency decision to respondent's "review" of the hearing referee's decision. The agency decision to be reviewed by the circuit court was respondent's final decision, not respondent's rejection of the hearing referee's conclusions. The hearing referee's *proposal* for decision was just that, a proposal for respondent to consider. Indeed, the hearing referee's findings and conclusions were forwarded to respondent as a "recommendation." Respondent was not required to accept the hearing referee's proposed findings even if those findings were supported by substantial evidence. Respondent was free to accept, reject, or modify the referee's proposal.

The sole question before the circuit court was whether respondent's decision was supported by the law and the facts. Const 1963, art 6, § 28; MCL 24.306; *Boyd, supra* at 232. The circuit court erroneously elevated the hearing referee's proposed findings to the status of a final decision. Given the circuit court's application of an improper standard of review, we conclude that the court clearly erred in failing to apply correct legal principles when reviewing respondent's decision. *Boyd, supra* at 234. We find additional error in the circuit court's misapprehension and gross misapplication of the substantial evidence test to respondent's findings. *Id.* The evidence supports respondent's decision. The clear, unambiguous contract language characterized the disputed payment as a "Terminal allowance." The amendment to ¶ 15 left in place the requirement that the $2,000 a year payment be treated as a terminal allowance. Nothing in the plain language of the contract suggests the amount should instead be considered longevity pay. When the terms of a contract are unambiguous, the

meaning of the contract is interpreted from the language alone. *Hubbell, Roth & Clark, Inc v Jay Dee Contractors, Inc,* 249 Mich App 288, 291; 642 NW2d 700 (2001).[3] The fact that the school district did not treat the $14,500 payment as longevity pay is consistent with the contract's unambiguous language. Given that respondent's decision was supported by competent, material, and substantial evidence, the circuit court was prohibited from substituting its discretion for that of respondent, even if the court might have reached a different result. *In re Grant,* 250 Mich App 13, 19; 645 NW2d 79 (2002). Deference is afforded to an agency's choice between two alternative views because of the agency's administrative expertise. *MERC, supra; In re Kurzyniec Estate, supra.*

### III. CONCLUSION

The circuit court applied an erroneous standard of review with respect to respondent's final decision. Respondent's decision was supported by the evidence. Under these circumstances, the circuit court clearly erred in failing to apply correct legal principles and in misapprehending and grossly misapplying the substantial evidence test to respondent's findings. *Boyd, supra.*

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[3] Given that the contract in this case is unambiguous, the circuit court incorrectly determined that "sole determinant of the longevity pay issue was the credibility of the parties."