JACKSON-RABON v STATE EMPLOYEES' RETIREMENT SYSTEM

Docket No. 249538. Submitted January 25, 2005, at Lansing. Decided
February 25, 2005. Approved for publication April 28, 2005, at
9:10 a.m.

Maryann Jackson-Rabon filed an application with the State Employ-
ees' Retirement System for nonduty disability retirement benefits,
which benefits were denied by the State Employees' Retirement
Board on the sole basis that she had not established a permanent
disability. Jackson-Rabon petitioned the Wayne Circuit Court for
judicial review of the administrative decision. The court, John H.
Gillis, Jr., J., reversed the decision and remanded the case to the
board for a grant of the petitioner's application for benefits. The
respondent appealed by leave granted.

The Court of Appeals *held*:

The circuit court clearly erred in reversing the board's decision.
The evidence relied on by the board in denying the petitioner's
claim for benefits on the basis that the disability was not perma-
nent was competent, material, and substantial. Only one medical
expert testified that the petitioner's condition was permanent. The
bulk of the expert testimony supported the board's finding that
petitioner's disability was not permanent. An expert testified that
the petitioner was malingering and that there were alternative
medications and courses of treatment that held more promise than
those the petitioner had been receiving. It was reasonable for the
board to conclude that the petitioner will be able to recover with
continuing treatment.

Reversed.

CIVIL SERVICE — STATE EMPLOYEES' RETIREMENT — NONDUTY DISABILITY RETIRE-
MENT — PERMANENT INCAPACITATION.

The permanency of a mental or physical incapacitation from state
civil service duty, as a requirement for nonduty disability retire-
ment under the State Employees' Retirement Act, is not estab-
lished where alternative, unexplored treatments exist (MCL
38.24[1]).

*James A. Mowry* for the petitioner.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Stephen M. Rideout*, Assistant Attorney General, for the respondent.

Before: TALBOT, P.J., WHITBECK, C.J., and JANSEN, J.

PER CURIAM. Respondent appeals by leave granted the circuit court order reversing the State Employees' Retirement Board's denial of petitioner's application for nonduty disability retirement benefits. We reverse. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

After administrative hearings, a proposal for decision was issued recommending that petitioner be granted either duty disability or nonduty disability retirement benefits. The board rejected the proposal for decision and determined that petitioner failed to prove that her condition was either work-related or permanent. The circuit court reversed and remanded for the award of nonduty disability retirement benefits, finding that the opinion of the psychiatrist relied on by the board was based solely on speculation and conjecture. This Court granted respondent's application for leave to appeal.

"This Court reviews a lower court's review of an administrative decision to determine 'whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings, which is essentially a clearly erroneous standard of review.' " *Dignan v Pub School Employees Retirement Bd*, 253 Mich App 571, 575; 659 NW2d 629 (2002), quoting *Boyd v Civil Service Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996). A finding is clearly erroneous where,

after reviewing the record, " 'this Court is left with the definite and firm conviction that a mistake has been made.' " *Dignan, supra* at 576, quoting *Boyd, supra* at 235.

The statute governing nonduty disability retirement for state employees is MCL 38.24, which was amended by 2002 PA 93, effective March 27, 2002. MCL 38.24(1) provides:

> Except as may otherwise be provided in sections 33 and 34 [MCL 38.33, 38.34], a member who becomes totally incapacitated for duty because of a personal injury or disease that is not the natural and proximate result of the member's performance of duty may be retired if all of the following apply:
>
> (a) The member . . . files an application . . . with the retirement board no later than 1 year after termination of the member's state employment.
>
> (b) A medical advisor conducts a medical examination of the member and certifies in writing that the member is mentally or physically totally incapacitated for further performance of duty, that the incapacitation is likely to be permanent, and that the member should be retired.
>
> (c) The member has been a state employee for at least 10 years.

The parties stipulated in the administrative proceedings that petitioner's disability was total. The remaining issue is whether the board's finding that petitioner's disability was not permanent is supported by competent, material, and substantial evidence. Substantial evidence is any evidence that reasonable minds would accept as adequate to support the decision. " '[I]t is more than a mere scintilla of evidence but may be less than a preponderance of the evidence.' " *Barak v Oakland Co Drain Comm'r*, 246 Mich App 591, 597; 633 NW2d 489 (2001), quoting

*Michigan Ed Ass'n Political Action Comm v Secretary of State*, 241 Mich App 432, 444; 616 NW2d 234 (2000).

The circuit court clearly erred in reversing the board's decision. Neither the hearing referee nor the circuit court took into consideration the fact that only one medical expert testified that petitioner's condition was permanent. Thus, the bulk of the expert testimony supported the board's finding that petitioner's disability was not permanent. The board was also entitled to accept Dr. Elliott Wolf's opinion that petitioner was malingering, even though it was contrary to the opinion of other experts.

Petitioner correctly points out that in *Knauss v State Employees' Retirement Sys,* 143 Mich App 644; 372 NW2d 643 (1985), this Court adopted an intermediate view, which " 'regards total disability as a relative term . . . .' " *Id.* at 649, quoting *Chalmers v Metropolitan Life Ins Co*, 86 Mich App 25, 31; 272 NW2d 188 (1978). However, *Knauss* dealt with the employee's ability to perform other work, not the time limit necessary to prove permanency. In *Brown v State Employees Retirement Bd*, unpublished opinion per curiam, issued February 18, 2003 (Docket No. 232973), this Court concluded that permanency was not established where alternative, unexplored treatments exist.[1]

In this case, Dr. Wolf concluded that there were alternative medications and courses of treatment that held more promise than the medications and course of treatment petitioner had been receiving. It was reasonable for the board to conclude that petitioner will be

---

[1] We view this unpublished opinion as persuasive because of the limited case law, but note that unpublished opinions are not binding under the rules of stare decisis. MCR 7.215(C)(1); see also *Dyball v Lennox*, 260 Mich App 698, 705 n 1; 680 NW2d 522 (2004).

able to recover with continuing treatment. The board's decision was supported by competent, material, and substantial evidence, and the circuit court erred in reversing it.

Reversed.