# STATE OF MICHIGAN

# COURT OF APPEALS

DEPARTMENT OF TALENT AND ECONOMIC
DEVELOPMENT /UNEMPLOYMENT
INSURANCE AGENCY ,

Plaintiff-Appellant,

v

RACHEL TEAR,

Defendant-Appellee.

UNPUBLISHED
December 10, 2015

No. 322789
Ingham Circuit Court
LC No. 13-001038-AE

Before: SAAD, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals from the circuit court's order that affirmed the Michigan Compensation Appellate Commission's decision that upheld an award of unemployment benefits to defendant. For the reasons set forth below, we reverse and remand for the entry of an order upholding plaintiff's denial of defendant's claim for unemployment benefits.

After being discharged from her employment, defendant filed a claim for unemployment benefits on May 20, 2013. Plaintiff denied her claim on June 6, 2013, and concluded that she was ineligible for benefits because she could not establish a benefit year under MCL 421.46 of the Michigan Employment Security Act (MESA), MCL 421.1 *et seq*. She appealed that determination, and the administrative law judge (ALJ) reversed plaintiff's determination. The ALJ determined that a benefit year had been established because "Claimant's high quarter wages were $2,883.00." Plaintiff appealed, and both the Michigan Compensation Appellate Commission and the circuit court affirmed the ALJ's decision without performing any independent calculation.

This Court's review of an agency determination is limited and focuses on "whether the lower court applied the correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Bureau of Worker's & Unemployment Comp v Detroit Med Ctr*, 267 Mich App 500, 503-504; 705 NW2d 524 (2005) (citations and quotation marks omitted). A circuit court's ruling concerning an administrative agency's decision is reviewed for clear error. *Id*. at 504. "Accordingly, we will overturn the circuit court's decision only if we are left with the definite and firm conviction that a mistake has been made." *Id*.

-1-

A circuit court's review of an administrative agency's decision is limited to determining whether the decision was contrary to law, was supported by competent, material, and substantial evidence on the whole record, was arbitrary or capricious, was clearly an abuse of discretion, or was otherwise affected by a substantial and material error of law. "Substantial" means evidence that a reasoning mind would accept as sufficient to support a conclusion. Courts should accord due deference to administrative expertise and not invade administrative fact finding by displacing an agency's choice between two reasonably differing views. [*Dignan v Mich Pub Sch Employees Ret Bd*, 253 Mich App 571, 576; 659 NW2d 629 (2002) (citations omitted).]

This Court reviews questions of statutory interpretation de novo. *Bureau of Worker's & Unemployment Comp*, 267 Mich App at 504. "The primary goal in statutory construction is to ascertain and give effect to the Legislature's intent." *Id*. This is accomplished by looking to the statute's language and enforcing its plain and ordinary meaning. *Id*. "If the language is clear and unambiguous, judicial construction is neither required nor permitted, and the statute must be enforced as written." *Id*.

For purposes of determining eligibility for unemployment benefits, MCL 421.46 defines the term "benefit year." Under MCL 421.46(c), "[a] benefit year shall not be established if the individual was not paid wages of at least the state minimum hourly wage multiplied by 388.06 rounded down to the nearest dollar in at least 1 calendar quarter of the base period." A "base period means the first 4 of the last 5 *completed* calendar quarters before the first day of the individual's benefit year." MCL 421.45 (emphasis added). " 'Calendar quarter' means a period of 3 consecutive calendar months, ending with the last day of March, June, September or December." MCL 421.47.

In this instance, it is undisputed that "the state minimum hourly wage multiplied by 388.06 rounded down to the nearest dollar" equals $2,871.00. Consequently, in order for a benefit year to be established in this case, defendant was required to have been paid at least $2,871.00 in at least one completed calendar quarter in the first four of the last five completed calendar quarters before filing her claim. Because defendant filed her claim in May 2013, the previous five completed quarters consisted of the four quarters in 2012 and the first quarter in 2013. Thus, in order to be eligible for benefits under MCL 421.45, defendant had to been paid at least $2,871.00 in any of the first four of those five quarters, which are January-March 2012, April-June 2012, July-September 2012, and October-December 2012. It is clear that she did not, as she only made $1,958.30 for the entire 2012 calendar year.

But if a claimant cannot meet the above requirements, then MCL 421.45 provides an alternative base period: "if an individual has not been paid sufficient wages in the first 4 of the last 5 completed calendar quarters to entitle the individual to establish a benefit year, then base period means the 4 most recent *completed* calendar quarters before the first day of the individual's benefit year." (Emphasis added.) The four most recent completed calendar quarters consisted of March-June 2012, July-September 2012, October-December 2012, and January-March 2013. As already discussed, defendant did not earn enough in any quarter in 2012. Focusing on the January-March 2013 quarter, i.e., the last completed quarter before defendant

filed for benefits, the record reveals that defendant was paid a total of $2,610.00 in wages,[1] which is still under the requisite $2,871.00.

After thoroughly reviewing the record, we are unable to gain any understanding as to how the ALJ reached her conclusion that defendant was paid $2,883.00 in any completed quarter. Consequently, that finding is not supported by substantial, competent evidence, and the circuit court's conclusion that defendant was paid more than $2,871.00 in a completed quarter is clearly erroneous.

Accordingly, we reverse the circuit court's order and remand this matter for the entry of an order upholding plaintiff's determination that defendant was not eligible for unemployment benefits.

Reversed and remanded. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien

---

[1] The breakdown of this amount consists of receiving $57 from Manpower in January, $99 from Creative Staffing in February, and $2,454 from Creative Staffing in March, with the last payment that quarter taking place on March 28.