*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN
# COURT OF APPEALS

IN RE ROSMAN

---

STEVEN ROSMAN,

        Plaintiff-Appellant,

v

36TH DISTRICT COURT,

        Defendant-Appellee.

UNPUBLISHED
April 11, 2024

No. 365247
Wayne Circuit Court
LC No. 21-013955-AS

---

Before: CAVANAGH, P.J., and K. F. KELLY and RICK, JJ.

PER CURIAM.

Plaintiff appeals by right the circuit court's order denying his request for writ of superintending control over defendant, the 36th District Court, as moot. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff Steven Rosman, the landlord of a property in Detroit, provided his tenant and all other occupants with a notice to quit to recover possession of the property, instructing them to move out or they would be evicted. According to plaintiff, he wanted to sell the property and sought to evict the tenant because the lease term expired. On July 13, 2021, plaintiff filed a complaint with the 36th District Court for termination of the tenancy.

At the first hearing on plaintiff's complaint, an occupant of the property appeared *in propria persona* to contest plaintiff's ownership of the property. The district court attempted to connect the occupant with an attorney, and the matter was adjourned to September 8, 2021. At the subsequent hearing, the occupant appeared *in propria persona* again, maintaining plaintiff did not own the property. The district court adjourned the matter again until October 21, 2021, to allow the occupant to obtain representation and to afford the parties time to establish plaintiff's ownership status of the property.

-1-

Before the next hearing took place, plaintiff filed a complaint for writ of superintending control in Wayne Circuit Court on October 13, 2021, alleging the district court's adjournment of his case for 78 days violated MCR 4.201(J), MCL 600.5735, and Amended Administrative Order No. 2020-17, 517 Mich cxxviii. Plaintiff alleged there was no right to any stay or adjournment beyond seven days for a termination of tenancy case premised on expiration of a lease, there was no triable issue necessitating adjournment, and plaintiff should be granted judgment of possession without further delay. Plaintiff requested the circuit court find that the 36th District Court's practice of adjourning summary proceedings cases in excess of 56 days was a violation of the law.

At the October 21, 2021 hearing on the underlying eviction proceeding, the parties agreed to a stipulated order that the tenant and occupants would vacate the property by November 21, 2021, and plaintiff would withdraw the complaint for eviction. Concerning plaintiff's complaint for superintending control, the circuit court stated because plaintiff's case was no longer pending in the district court, there was no case in controversy, and nothing to exercise superintending control over. The circuit court therefore denied superintending control concluding that plaintiff was not without remedy if the matter recurred and dismissed the complaint for superintending control as moot. This appeal followed.

## II. STANDARDS OF REVIEW

We review the circuit court's decision to deny the complaint for superintending control for an abuse of discretion. *In re Grant*, 250 Mich App 13, 14; 645 NW2d 79 (2002). "A trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). We review de novo whether an issue is moot. *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 254; 833 NW2d 331 (2013).

## III. ANALYSIS

Plaintiff argues that the circuit court abused its discretion when it denied his complaint for superintending control. We disagree.

A writ of superintending control provides a procedure for reviewing or supervising a lower court or tribunal's actions. See MCR 3.302(A). The filing of a complaint for superintending control is an original civil action designed to order a lower court to *perform a legal duty*. *Fieger v Cox*, 274 Mich App 449, 461; 734 NW2d 602 (2007). A matter is moot, however, "if this Court's ruling cannot for any reason have a practical legal effect on the existing controversy." *Id*. (quotation marks and citation omitted). Moreover, whether an issue is moot "is a threshold issue that a court must address before it reaches the substantive issues of a case." *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019) (quotation marks and citation omitted). "A case that does not rest upon existing facts or rights and presents nothing but abstract questions of law is moot." *Gleason v Kincaid*, 323 Mich App 308, 314-315; 917 NW2d 685 (2018). An issue is also moot if an event has occurred that makes it impossible for the Court to grant any relief. *Can IV Packard Square*, 328 Mich App at 666.

The circuit court did not err when it concluded plaintiff's complaint for a writ of superintending control was moot. Before plaintiff agreed to the stipulated order at the October 21,

2021 hearing, there was an actual case or controversy between plaintiff and the 36th District Court. Principally, plaintiff asserted that the district court violated MCR 4.201(J), MCL 600.5735, and Amended AO 2020-17 when it adjourned plaintiff's eviction case beyond 56 days. However, once the stipulated order was entered in the district court in the underlying eviction case, there ceased to be a controversy between plaintiff and the 36th District Court because the circuit court could no longer grant plaintiff any relief. See *Can IV Packard Square*, 328 Mich App at 666. To the extent plaintiff contends the issue is not moot because it is likely to recur but also likely to evade judicial review, see *Reed-Pratt v Detroit City Clerk*, 339 Mich App 510, 515; 984 NW2d 794 (2021), we disagree. The issue in this case became moot because plaintiff agreed to an order resolving his dispute, a matter entirely within his control. See *People v Richmond*, 486 Mich 29, 37; 782 NW2d 187 (2010) (stating that reviewing courts will not apply the exception to the mootness doctrine "when the party seeking review of an issue on appeal has rendered the issue moot by that party's own volitional conduct and the party could have avoided mooting the issue by seeking an appeal.").

Affirmed. Defendant, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly
/s/ Michelle M. Rick