*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DTE ENERGY INC,

        Plaintiff-Appellant,

v

MICHIGAN OCCUPATIONAL SAFETY AND
HEALTH ADMINISTRATION,

        Defendant-Appellee.

UNPUBLISHED
November 18, 2024
3:15 PM

No. 367604
Ingham Circuit Court
LC No. 22-000751-AA

Before: GADOLA, C.J., and SWARTZLE and LETICA, JJ.

PER CURIAM.

Defendant issued a citation to plaintiff, which plaintiff untimely appealed. An administrative law judge (ALJ) found that plaintiff had good cause for its late appeal; however, the Board of Health and Safety Compliance and Appeals (the "Board") overturned the ALJ's decision. The circuit court affirmed the Board's decision. We affirm.

In October 2021, after investigating an incident in which a DTE employee died, defendant informed plaintiff that it would be issuing citations. Frank Demers, defendant's employee, emailed Robert Marvin, plaintiff's employee, asking him to confirm plaintiff's address for certified mail. Marvin responded, asking Demers to send the paperwork to two addresses. One address was for Marvin's attention at a DTE address in Detroit, Michigan. The second address was for plaintiff's counsel. Demers responded, "Yes, I'll update the report to make sure Lansing sends the certified mail to those addresses."

Defendant issued the citation on November 1, 2021, and plaintiff received the citation at its Detroit location on November 8, 2021. Defendant did not mail the citation to plaintiff's legal counsel. Plaintiff filed its appeal of the citation on December 21, 2021. Defendant rejected the appeal due to untimeliness as the appeal was due within 15 working days of plaintiff's receipt of the citation. Plaintiff sought a second appeal of that decision.

An ALJ issued an order to show cause why plaintiff's appeal should not be dismissed. In response, plaintiff argued that it had "good cause" for its late appeal because it had relied on defendant's statement that it would send the citations to plaintiff's attorney. The ALJ determined

that plaintiff had shown good cause. The Board, however, overturned the ALJ's decision and reinstated the citation. The Board found that plaintiff's explanation did not establish cause that would prevent a timely appeal and that plaintiff's conduct "show[ed] carelessness, negligence, or lack of reasonable diligence."

Plaintiff appealed the Board's decision to the circuit court. The circuit court affirmed the Board's decision, explaining that the Board's order contained the relevant facts and identified the matters on which it had relied. The circuit court further noted that the Board properly relied on *Lanzo Constr Co, Inc v Mich Dep't of Labor*, 86 Mich App 408; 272 NW2d 662 (1978),[1] as it related to "good cause." Accordingly, the circuit court found that the Board's decision "was supported by competent, material, and substantial evidence on the record, was not arbitrary or capricious, and was authorized by law." The circuit court stated that, under its narrow review, it would "not displace an agency's choice between two reasonably differing views."

Plaintiff now appeals.

Generally, a circuit court's review of an "agency's decision is limited to determining whether the decision was contrary to law, was supported by competent, material, and substantial evidence on the whole record, was arbitrary or capricious, was clearly an abuse of discretion, or was otherwise affected by a substantial and material error of law." *Dignan v Mich Pub Sch Employees Retirement Bd*, 253 Mich App 571, 576; 659 NW2d 629 (2002). When no agency hearing was required, however, "it is not proper for the circuit court or this Court to review the evidentiary support of an administrative agency's determination." *Northwestern Nat'l Cas Co v Comm of Ins*, 231 Mich App 483, 488; 586 NW2d 563 (1998) (cleaned up). Our Michigan Constitution provides that review of an agency decision "shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record." Const 1963, art 6, § 28.

Accordingly, when no hearing is required, review of an agency decision is limited to determining whether the decision was "authorized by law." *Ross v Blue Care Network of Mich*, 480 Mich 153, 164; 747 NW2d 828 (2008). "Decisions not 'authorized by law' include those that violate a statute or the Constitution, those that are in excess of statutory authority or an agency's jurisdiction, those made upon unlawful procedures that result in material prejudice, and those that are arbitrary and capricious." *Wescott v Civil Serv Comm*, 298 Mich App 158, 162; 825 NW2d 674 (2012). A decision "is arbitrary and capricious when it lacks an adequate determining principle, when it reflects an absence of consideration or adjustment with reference to principles, circumstances, or significance, or when it is freakish or whimsical." *Id*.

Michigan Admin Code, R 408.22351(1) provides, in part, that an employer may "petition the department in writing for a modification or dismissal of the citation and any proposed penalty, or for a grant of additional time for compliance. The petition shall be postmarked within 15

---

[1] *Lanzo* was published before November 1, 1990, and, although entitled to deference, is not strictly binding on this Court. See *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

working days of the receipt by the employer of a citation or proposed penalty." " 'Working day' means any day other than Saturday, Sunday, or state legal holiday. (In computing 15 working days, the day of receipt of any notice shall not be included, and the last day of the 15 working days shall be included.)" Mich Admin Code, R 408.22309(5). If an employer "does not petition the department within the 15 working days after receipt of the citation and proposed penalty, if any, the citation or proposed penalty shall be considered a final order of the board." MCL 408.1041. In *Lanzo*, 86 Mich App at 415-416, this Court held that the Board could exercise discretion and consider an untimely appeal when "an employer shows 'good cause' for having failed to meet the 15-working-day deadline and that it has a meritorious defense." This Court left "it to the wisdom of the Board to determine" the good-cause standard. *Id*. at 416-417.

In this case, the circuit court properly determined that the Board's decision was authorized by law. Plaintiff indisputably received a copy of the citation on November 8, 2021, but did not challenge it until December 21, 2021, thereby missing the 15-working-day window that ended on December 1, 2021. Accordingly, the Board was authorized by law to deny plaintiff's appeal. See MCL 408.1041; *Lanzo*, 86 Mich App at 416. This was not an arbitrary or capricious decision when the Board properly considered the relevant facts and applicable law. See *Wescott*, 298 Mich App at 162.

Plaintiff argues, however, that the Board failed to provide its findings of fact and conclusions of law. Under MCL 24.285, an agency's final decision shall be made "in writing or stated in the record and shall include findings of fact and conclusions of law separated into sections captioned or entitled 'findings of fact' and 'conclusions of law.' " In *Lanzo*, this Court explained that "the Board's findings of fact and conclusions of law as to the absence of 'good cause' or a meritorious defense must be set forth with sufficient clarity to permit judicial review." *Lanzo*, 86 Mich App at 416 n 2.

In its order, the Board properly explained the history of the case, noted each parties' arguments, and referred to the *Lanzo* decision and "good cause" standard when determining that plaintiff had not established that it was prevented from timely appealing the citation. The Board's findings were sufficient to permit the circuit court's review. See *id*.

Plaintiff also points to *Loper Bright Enterprises v Raimondo*, ___ US ___; 144 S Ct 2244, 2273; 219 L Ed 2d 832 (2024), in which the United States Supreme Court held that courts must exercise independent judgment when determining whether an agency acted within its statutory authority and not simply defer to an agency interpretation of an ambiguous statute. *Loper Bright* is a federal case dealing with federal law and has no particular relevance to this state-law dispute. Indeed, Michigan has long understood that separation-of-powers concerns imply that courts do not defer to an administrative agency's interpretation of law. *Kilpatrick v Lansing Community College*, ___ Mich App ___, ___; ___ NW3d ___ (2023). In any event, MCL 408.1041 is *not* ambiguous in requiring an employer to appeal a citation within 15 working days to prevent it from becoming the final order of the Board. The circuit court's review ensured that defendant acted within its authority.

Finally, plaintiff argues that the Board's decision violated public policy because it would erode trust between agencies and regulated parties if an agency could not be held to its "promises." "[T]he determination of Michigan's public policy is not merely the equivalent of the personal

preferences of a majority of this Court; rather, such a policy must ultimately be clearly rooted in the law." *Rory v Continental Ins Co*, 473 Mich 457, 470-471; 703 NW2d 23 (2005) (cleaned up). Plaintiff has not, however, identified any "definite indications in the law," to support a finding that it violated public policy for the circuit court to affirm the Board's decision in this case. See *Terrien v Zwit*, 467 Mich 56, 67-68; 648 NW2d 602 (2002).

Affirmed.

/s/ Michael F. Gadola
/s/ Brock A. Swartzle
/s/ Anica Letica