WESCOTT v CIVIL SERVICE COMMISSION

Docket No. 302524. Submitted October 9, 2012, at Marquette. Decided October 18, 2012, at 9:00 a.m.

Larry Wescott filed a petition in the Delta Circuit Court, seeking judicial review of a final decision of the Civil Service Commission (CSC), which had affirmed the denial of Wescott's application for long-term disability (LTD) benefits. Wescott, a long-time state employee, began experiencing blurred vision in 2007 that allegedly compromised his ability to drive and read. Wescott applied for nonduty disability retirement benefits, social security disability benefits, and LTD insurance benefits. Both the State Employees' Retirement System Board, which administers nonduty disability retirement benefits, and the Social Security Administration found Wescott disabled, while the third-party administrator of Wescott's LTD benefits plan concluded that he was not entitled to LTD benefits. Wescott began a lengthy administrative appeals process with regard to the LTD benefits that ended with the CSC's decision to affirm the denial of LTD benefits. Wescott sought judicial review of the CSC's decision. The court, Stephen T. Davis, J., reversed the decision of the CSC and ordered that Wescott receive LTD benefits retroactive to his original claim. The CSC appealed by leave granted.

The Court of Appeals held:

Circuit court review of a decision of the CSC is governed by the constitutional standard for review of administrative decisions. Under the Constitution, all final decisions, findings, rulings, and orders of any administrative officer or agency existing under the Constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, are subject to direct review by the courts as provided by law. The review must include, at a minimum, the determination whether the final decisions, findings, rulings, and orders are authorized by law, and, in cases in which a hearing is required, whether they are supported by competent, material, and substantial evidence on the whole record. Appellate review of a circuit court's review of a decision of the CSC requires the appellate court to determine whether the circuit court applied correct legal principles and whether it misapprehended or grossly

misapplied the substantial-evidence test to the agency's factual findings. In a proceeding in which a hearing was not required, neither court may review the evidentiary support of the administrative agency's determination; rather, the decision is reviewed for whether it was authorized by law. Decisions that are not authorized by law include those that violate a statute or the Constitution, those that are in excess of statutory authority or an agency's jurisdiction, those that are made upon unlawful procedures that result in material prejudice, and those that are arbitrary and capricious. A ruling is arbitrary and capricious when it lacks an adequate determining principle, when it reflects an absence of consideration or adjustment with reference to principles, circumstances, or significance, or when it is freakish or whimsical. The CSC, the Social Security Administration, and the State Employees' Retirement System Board are independent governmental agencies that employ their own separate standards and criteria in determining whether an applicant qualifies for benefits. The agencies also have their own procedures, processes, rules, and regulations for gathering and analyzing information, for making determinations, and for challenging agency findings. In deciding whether an applicant has qualified for LTD insurance benefits, the CSC is not required to consider the disability findings of the Social Security Administration or the State Employees' Retirement System Board regarding that applicant. In this case, contrary to the decision of the circuit court, the CSC was not required to consider the decisions of the other agencies, and thus the CSC's decision was not arbitrary and capricious. The circuit court improperly reversed the CSC.

Reversed; decision of the CSC reinstated.

CIVIL SERVICE — CIVIL SERVICE COMMISSION — LONG-TERM DISABILITY INSURANCE BENEFITS — DISABILITY FINDINGS OF OTHER GOVERNMENTAL AGENCIES.

In deciding whether an applicant has qualified for long-term disability insurance benefits, the Civil Service Commission is not required to consider the disability findings of the Social Security Administration or the State Employees' Retirement System Board regarding that applicant.

*Nino E. Green* for Larry Wescott.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Jason Hawkins*, Assistant Attorney General, for the Civil Service Commission.

Before: MURPHY, C.J., and SAWYER and HOEKSTRA, JJ.

PER CURIAM. On appeal from a decision of respondent, the Michigan Civil Service Commission (CSC), the circuit court ruled that the CSC's decision upholding the denial of petitioner, Larry Wescott's, request for long-term disability (LTD) insurance benefits was arbitrary and capricious. This Court granted the CSC's application for leave to appeal, and we hold that the circuit court did not apply correct legal principles in finding that the CSC's ruling was arbitrary and capricious. Accordingly, we reverse the circuit court's ruling and reinstate the CSC's decision.

Petitioner, a longtime state employee, began experiencing blurred vision in 2007 that allegedly compromised his ability to drive and read. Claiming an inability to work because of the impairment, petitioner applied for nonduty disability retirement benefits under MCL 38.24 and for social security disability benefits. Petitioner's separate application for LTD benefits was denied by the third-party administrator (TPA) of the LTD plan, and a lengthy administrative appeals process began.[1] During the pendency of petitioner's LTD appeals, he was found disabled by both the State Employees' Retirement System Board (SERSB), which is charged with administering MCL 38.24, and the Social Security Administration (SSA). After several levels of administrative appeal in which petitioner's request for LTD benefits was repeatedly rejected,[2] a

---

[1] Under the LTD plan, a claimant is required to submit a medical statement describing "the nature and extent of any disability and explain[ing] why the disabling condition prevents the claimant from performing the duties of the claimant's usual occupation or, after 24 months of total disability, any reasonable occupation."

[2] During the administrative appellate process, petitioner submitted to an independent medical evaluation by an ophthalmologist who opined

final decision of the CSC effectively affirmed the TPA's denial of LTD benefits. Petitioner appealed in the circuit court. The circuit court reversed the CSC's decision and ordered that petitioner receive LTD benefits retroactive to the date of his original claim. The circuit court ruled that the CSC's decision was arbitrary and capricious and constituted an abuse of discretion. The CSC appeals by leave granted.

In *Hanlon v Civil Serv Comm*, 253 Mich App 710, 716; 660 NW2d 74 (2002), this Court stated that the scope of review applicable to a circuit court's review of a decision by the CSC is governed by Const 1963, art 6, § 28, which provides:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law.

With respect to our review of the circuit court's ruling, we must determine whether the circuit court " 'applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings.' " *Hanlon*, 253 Mich App at 716 (citation omitted). However,

---

that, based on petitioner's present level of visual acuity, he "should easily be able to continue on his job," and that she did "not see any problems that would make it unable [sic] for him to meet the demands of his usual occupation."

because the instant case was not one "in which a hearing [was] required," Const 1963, art 6, § 28, "it is not proper for the circuit court or this Court to review the evidentiary support of [the] administrative agency's determination." *Brandon Sch Dist v Mich Ed Special Servs Ass'n*, 191 Mich App 257, 263; 477 NW2d 138 (1991). "[I]n cases in which no hearing is required, [decisions] are reviewed to determine whether the decisions are authorized by law." *Ross v Blue Care Network of Mich*, 480 Mich 153, 164; 747 NW2d 828 (2008), citing Const 1963, art 6, § 28. Decisions not "authorized by law" include those that violate a statute or the Constitution, those that are in excess of statutory authority or an agency's jurisdiction, those made upon unlawful procedures that result in material prejudice, and those that are arbitrary and capricious. *City of Romulus v Dep't of Environmental Quality*, 260 Mich App 54, 64; 678 NW2d 444 (2003). A ruling is arbitrary and capricious when it lacks an adequate determining principle, when it reflects an absence of consideration or adjustment with reference to principles, circumstances, or significance, or when it is freakish or whimsical. *Id.* at 63-64.

In this case, the circuit court found that the CSC's decision was arbitrary and capricious because the CSC failed to take into consideration or give any weight to the SSA's and the SERSB's conclusions that petitioner was indeed disabled. The circuit court stated that, given its finding that the CSC's decision was arbitrary and capricious, it was unnecessary to examine the sufficiency of the evidentiary foundation for the CSC's decision.[3] Because of the manner in which the circuit

---

[3] The circuit court had earlier found that due process would have required a hearing in petitioner's case despite the absence of such a requirement in the written procedures relative to a denial of LTD

court framed its ruling, with an emphasis that it was not examining matters pertaining to evidence, the court's ruling must be viewed as one imposing a legal requirement or construct on the CSC in the context of processing LTD benefit requests in order to avoid a finding of arbitrariness or capriciousness, i.e., there must be acknowledgment and consideration of disability findings made by other agencies as part of the analytical framework.[4]

We conclude that the CSC's decision was neither arbitrary nor capricious and that the circuit court used incorrect legal principles in finding to the contrary. We have not been directed to any binding authorities that would require the CSC to consider and discuss the SSA's or the SERSB's disability findings. Even though

benefits. Accordingly the substantial-evidence test would have applied to the circuit court's examination of the sufficiency of the evidentiary foundation for the CSC's decision. However, the circuit court declined to definitively find a due process violation because of its determination that the CSC's decision was arbitrary and capricious, which made consideration of the substantial-evidence test unnecessary.

[4] We note that the circuit court's ruling, despite the court's contention to the contrary, could be viewed as questioning the evidentiary support for the CSC's decision or dictating what evidence the CSC must entertain in making its ruling, neither of which is allowed, because to do so would exceed the court's scope of review. To the extent that the court's ruling ventured into impermissible territory relative to evidentiary matters, it must be reversed. There would appear to be some tension between the arbitrary-and-capricious standard and the inapplicability of the substantial-evidence test in cases in which no hearing was required, when, for example, there might be an absolute dearth of evidence supporting an agency's decision, which would seem to render the decision completely arbitrary and capricious, yet the rule against examining the evidentiary support for the decision would appear to mandate a holding affirming the decision. In this case, there was evidentiary support for the CSC's decision, even if it was only the ophthalmologist's evaluation. Moreover, it was petitioner that had to establish his right to LTD benefits, and he essentially attempted to do so by simply pointing to the findings of the SSA and the SERSB.

there are some similarities in the functioning and focus of all three agencies, the CSC, the SSA, and the SERSB are nonetheless independent governmental agencies that employ their own separate standards and criteria in determining whether an applicant qualifies for benefits. The agencies also have their own procedures, processes, rules, and regulations for gathering and analyzing information, for making determinations, and for challenging agency findings. See, e.g., note 1 of this opinion; MCL 38.24(1)(b); 42 USC 423(d)(1)(A). If the SSA and the SERSB had denied petitioner's requests for disability benefits and had the CSC taken into consideration or relied on those findings, petitioner would certainly vigorously argue that it was improper to consider the conclusions of outside agencies instead of focusing on the information and evidence presented to the CSC and analyzing said materials under the rules and regulations that govern the CSC. Moreover, this very panel stated in *Davis v Dep't of Corrections*, 251 Mich App 372, 377; 651 NW2d 486 (2002), that "[t]he Civil Service Commission is an administrative agency that exists pursuant to the constitution and is vested with plenary and absolute authority to regulate the terms and conditions of employment in the civil service." Requiring the CSC, in the process of making a determination on a request for LTD benefits, to consider, distinguish, weigh, discuss, or explain away disability decisions rendered by other state agencies and the SSA would improperly encroach on the CSC's constitutional powers.[5]

---

[5] We find the federal cases relied on by the circuit court and petitioner to be distinguishable. A major emphasis in those opinions related to the conduct of plan administrators in encouraging, assisting, or requiring an applicant to pursue social security benefits, yet denying benefits to those same applicants under their own plans after social security benefits were awarded. *DeLisle v Sun Life Assurance Co of Canada*, 558 F3d 440, 446

We reverse the circuit court's ruling and reinstate the CSC's decision.

MURPHY, C.J., and SAWYER and HOEKSTRA, JJ., concurred.

---

(CA 6, 2009) (noting that the plaintiff "was required, not merely encouraged to apply" for social security benefits under the plan); *Bennett v Kemper Nat'l Servs, Inc*, 514 F3d 547, 553 (CA 6, 2008) (noting that the plan administrator had provided the plaintiff "with assistance in obtaining social security disability benefits"); *Glenn v MetLife*, 461 F3d 660, 667 (CA 6, 2006) (noting that the plan administrator had "steered [the plaintiff] to a law firm specializing in securing disability benefits from the Social Security Administration"). Furthermore, those cases did not have the limitation regarding consideration of evidence that is applicable here, nor did they have to ponder the constitutional authority under which the CSC operates, Const 1963, art 11, § 5.