# STATE OF MICHIGAN

# COURT OF APPEALS

ARJOANN ELIAS ZEDAN,

Petitioner-Appellee,

v

DEPARTMENT OF LICENSING AND
REGULATORY AFFAIRS BUREAU OF FIRE
SERVICES,

Respondent-Appellant.

UNPUBLISHED
May 18, 2017

No. 330771
Macomb Circuit Court
LC No. 2015-002325-AA

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Petitioner, Arjoann Zedan, was issued a citation under the Michigan Fireworks Safety Act, MCL 28.451 *eq seq.* The fines totaled $6,000. The citation was upheld by the State Fire Marshall and then by the State Fire Safety Board. Zedan then attempted to appeal the decision to the Michigan Administrative Hearing System (MAHS), but her appeal was rejected as untimely. Zedan objected to the dismissal, and respondent asked MAHS to issue an order to show cause so that the timeliness of Zedan's appeal could be addressed by an administrative law judge (ALJ). The matter was submitted to an ALJ, who upheld the dismissal finding that the appeal was late without good cause.

In response to Zedan's exceptions to the ALJ's decision, respondent concluded that the ALJ's proposed order was supported by the record and issued a final order of dismissal. Zedan then appealed to the circuit court, which reversed the administrative dismissal. We granted respondent's application for leave from the circuit court decision.[1] For the reasons set forth in this opinion, we reverse the circuit court and reinstate the order of dismissal.

---

[1] *Zedan v Dep't of Licensing and Regulatory Affairs,* unpublished order of the Court of Appeals entered July 1, 2016 (Docket No. 330771).

-1-

The circuit court found that respondent's interpretation of what constituted a timely filing was not supported by law. It also indicated that even if the interpretation was proper, Zedan had demonstrated good cause for failing to comply with the rule.[2]

We "review a circuit court's decision on an administrative appeal to determine whether the circuit court applied correct legal principles." *Nason v State Employees Retirement Sys*, 290 Mich App 416, 424; 801 NW2d 889 (2010). The scope of a circuit court's review of an administrative decision is governed by the Michigan Constitution. *Hanlon v Civil Serv Comm*, 253 Mich App 710, 716; 660 NW2d 74 (2002). Michigan Const 1963, art 6, § 28 provides:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. *This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. . . .* [Emphasis added.]

Because no hearing was required as to the challenged order, the circuit court's review was limited to determining whether it was "authorized by law." *Ross v Blue Care Network of Mich*, 480 Mich 153, 164; 747 NW2d 828 (2008).

"Decisions not 'authorized by law' include those that violate a statute or the Constitution, those that are in excess of statutory authority or an agency's jurisdiction, those made upon unlawful procedures that result in material prejudice, and those that are arbitrary and capricious." *Westcott v Civil Serv Comm*, 298 Mich App 158, 162; 825 NW2d 674 (2012). A decision is arbitrary and capricious when it "lacks an adequate determining principle, when it reflects an absence of consideration or adjustment with reference to principles, circumstances, or significant, or when it is freakish or whimsical." *Id*.

Respondent's determination that Zedan was late in filing her appeal of the Fire Safety Board's decision was predicated on its interpretation of Mich Admin Code, R 29.2922(d). That rule requires that appeals from the Fire Safety Board to MAHS be filed within 28 days of the "issuance" of the Board's decision. Respondent interpreted the word "issuance" to mean that the Board's decision was "issued" on October 27, 2014, the date of the Board's written decision. Therefore, the circuit court was required to determine whether this interpretation violated a statute, exceeded respondent's authority, followed an unlawful procedure that resulted in material prejudice, or was arbitrary and capricious. See *Westcott*, 298 Mich App at 162. However, instead of applying this manner of review, the circuit court simply rejected respondent's interpretation and essentially concluded that "issuance" meant the day the Board's decision was mailed, October 30, 2014.

---

[2] On appeal Zedan argues only the interpretation issue. However, given the circuit court's consideration of the good cause issue, we will address it as well.

In justifying its decision, the circuit court relied on a provision of the Michigan Court Rules providing that "[s]ervice by mail is complete at the time of mailing." MCR 2.107(C)(3).[3] However, the administrative rule does not include the word "service." Rather, it states that the 28-day appeal period is triggered by the "issuance" of the Board's decision. See Mich Admin Code, R 29.2922(d). For this reason, the circuit court's legal analysis was in error.[4]

A review of respondent's actions under correct legal principles shows that its interpretation of "issuance" and subsequent decision that Zedan's appeal was filed late were both authorized by law. *Black's Law Dictionary* (10th ed), defines "issue," the root word of "issuance," in relevant parts as either "to be put forth officially" or "to send out or distribute officially." The former definition supports respondent's interpretation that the Fire Safety Board's decision was issued on October 27, 2014, the day the board's decision was officially put forth. The latter definition supports Zedan's interpretation that the Fire Safety Board's decision was issued on October 30, 2014, the day that decision was mailed to her. However, the circuit court was not tasked with interpreting the administrative rule de novo. An administrative agency's interpretation of its own rules is entitled to deference. *Reiss v Pepsi Cola Metro Bottling Co, Inc*, 249 Mich App 631, 637; 643 NW2d 271 (2002). The circuit court failed to give deference to respondent's interpretation when it essentially conducted a de novo review of respondent's interpretation of the administrative rule. This was clear legal error. Respondent's interpretation was entitled to deference, was authorized by law, and should have been upheld.

Though not properly raised on appeal, because the trial court addressed good cause, we also address it and conclude that respondent's decision that Zedan failed to present good cause for her late appeal to be heard was authorized by law. The only argument in Zedan's filings that pertain to the "good cause" issue is her contention that she did not receive notice of the Fire Safety Board's decision until 11 days after that decision was made.[5]

However, while Zedan argues that she received the notice of the Board's decision several days after it was made, she articulates no argument as to how this prevented her from timely filing her appeal. Respondent determined that in light of the fact that the appeal that Zedan did submit was only one-page in length, receiving the Fire Safety Board's decision several days after it was made did not constitute "good cause" for her appeal's untimeliness. Zedan has not presented any argument either before the circuit court or in this appeal that this decision was not

---

[3] The circuit court mistakenly referenced MCR 1.106 rather than MCR 2.107(C)(3).

[4] The court also expressed its concern about a hypothetical situation where the Board, by delaying the mailing of its decision for 28 days, could effectively divest an individual of her appeal. That would present a very different situation than the one before us and does not guide our decision. Were that to occur, it is difficult to imagine how respondent would even argue that its interpretation of the rule was authorized by law, nor how it comported with due process.

[5] While this argument correctly notes that the Fire Safety Board made its decision to deny Zedan's appeal at its October 23, 2014 meeting, it fails to consider that the show cause order explicitly stated that the Board's decision was issued on October 27, 2014 resulting in Zedan receiving the decision 7 days, not 11, after it was issued.

authorized by statute or the State Constitution or that it was based on unlawful procedures or that it was arbitrary and capricious. See note 4 of this opinion.

We reverse the decision of the circuit court and reinstate respondent's Final Order dismissing Zedan's appeal of the State Fire Safety Board's decision upholding her citation. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro