*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANGELO AND RICCARDO, INC.,

      Appellant,

v

LIQUOR CONTROL COMMISSION,

      Appellee.

UNPUBLISHED
March 12, 2019

No. 342888
Oceana Circuit Court
LC No. 17-012586-AA

Before: RIORDAN, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Angelo and Riccardo, Inc. (A&R) appeals as of right the circuit court's order affirming the decision of the Liquor Control Commission (LCC) denying A&R's request for declaratory rulings. We affirm.

This matter arises from a transfer of liquor-related licenses and permits, governed by the Michigan Liquor Control Code of 1998, MCL 436.1101 *et seq*. According to A&R, Shelby State Bank acquired the subject licenses and permits in approximately 2009 after the previous licensee went out of business. On July 22, 2011, the licenses were placed in escrow, and the escrow period was set to expire on April 30, 2017. On April 12, 2017, the LCC granted Shelby State Bank's request to extend escrow until April 30, 2018. On July 12, 2017, the LCC transferred the licenses from Shelby State Bank, located in the village of Shelby, Michigan, to Hesperia House Restaurant and Lounge, located in the village of Hesperia, Michigan.

Pursuant to Mich Admin Code, R 436.1971, A&R requested declaratory rulings from the LCC regarding four questions, each of which challenged the legality of the transfers in an effort to persuade the LCC to rescind or reverse its prior decisions. The LCC denied A&R's request, stating that its April 12, 2017 order extending escrow and July 12, 2017 licensing approval order considered each of the statutory and administrative rule provisions cited by A&R and were dispositive as to each question.

A&R filed a claim of appeal and a complaint seeking declaratory and injunctive relief with the circuit court. A&R reiterated its arguments set forth in its request for declaratory rulings before the LCC. A&R alleged that the LCC's decision to transfer the licenses was

contrary to the applicable administrative and statutory law and, therefore, that the LCC improperly denied A&R's request for declaratory rulings.

The circuit court dismissed A&R's complaint for declaratory and injunctive relief because the Court of Claims had exclusive jurisdiction of A&R's claims pursuant to MCL 600.6419(1)(a). A&R did not appeal this decision. Regarding A&R's claim of appeal, the circuit court determined that the LCC's issuance of a declaratory ruling was a matter of discretion and that the LCC followed the proper procedure in declining A&R's request. The circuit court further determined that the LCC's denial did not violate the constitution or a statute, was not arbitrary or capricious, and was not based on a substantial or material error of law. Accordingly, the circuit court affirmed the LCC's decision to deny A&R's request for declaratory rulings.

On appeal, A&R argues that the circuit court clearly erred by affirming the LCC's unlawful decision. We disagree.

"This Court reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clearly erroneous standard of review." *VanZandt v State Employees' Retirement Sys*, 266 Mich App 579, 585; 701 NW2d 214 (2005). A finding is clearly erroneous if this Court is left with a definite and firm conviction that a mistake has been made. *Id*.

A circuit court reviews a LCC decision pursuant to Const 1963, art 6, § 28 and MCL 24.306. *Dignan v Mich Pub Sch Employees Retirement Bd*, 253 Mich App 571, 576; 659 NW2d 629 (2002). The judicial review includes, "as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record." Const 1963, art 6, § 28. When no hearing is required, neither this Court nor the circuit court may review the evidentiary support for the agency's determination. *Wescott v Civil Serv Comm*, 298 Mich App 158, 162; 825 NW2d 674 (2012). Instead, the focus should be on whether the decision was authorized by law. *Id*. "Decisions not 'authorized by law' include those that violate a statute or the Constitution, those that are in excess of statutory authority or an agency's jurisdiction, those made upon unlawful procedures that result in material prejudice, and those that are arbitrary and capricious." *Id*. See also MCL 24.306(1) (stating categories of administrative decisions or orders that must be set aside as unlawful).

The Administrative Procedures Act of 1969, MCL 24.201 *et seq.*, permits an agency to issue declaratory rulings. Specifically:

> On request of an interested person, an agency may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency. An agency shall prescribe by rule the form for such a request and procedure for its submission, consideration and disposition. A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by any court. An agency may not retroactively change a declaratory ruling, but nothing in this subsection prevents

an agency from prospectively changing a declaratory ruling. A declaratory ruling is subject to judicial review in the same manner as an agency final decision or order in a contested case. [MCL 24.263.]

The Michigan Administrative Code establishes the procedures for a petitioner to request a declaratory ruling and for the LCC to issue a declaratory ruling. Mich Admin Code, R 436.1971 provides:

> (1) An interested person, hereinafter called a petitioner, who requests a declaratory ruling as to the applicability to an actual state of facts of a statute, rule, or order administered, promulgated, or issued by the commission shall do so in writing to the Lansing office of the commission.

> (2) The written request shall contain the relevant and material facts, along with a reference to the statute, rule, or order applicable.

Within 30 days of receiving such a request, the LCC must notify the petitioner whether it will issue the requested declaratory ruling. Mich Admin Code, R 436.1973(1). Additionally, "[i]f a request for a declaratory ruling is denied, the commission shall issue a concise written statement of its principal reasons for denial within 30 days of the denial." Mich Admin Code, R 436.1975.

In this case, the circuit court correctly affirmed the LCC's decision to deny A&R's request for declaratory rulings. The circuit court applied the proper scope of review and recognized that the LCC had discretion to issue declaratory rulings and was permitted to decline a request for such a ruling. The circuit court applied the legal principles set forth in Mich Admin Code, R 436.1971, Mich Admin Code, R 436.1973, and Mich Admin Code, R 436.1975 and stated that the LCC's denial of A&R's request for declaratory rulings did not violate the Constitution or a statute and did not exceed the LCC's authority. The circuit court correctly applied MCL 24.306 when it stated that the LCC's denial of A&R's request was not arbitrary and capricious and was not based on another substantial or material error of law. Therefore, we conclude that the circuit court applied the correct legal principles and did not commit clear error. See *VanZandt*, 266 Mich App at 585; *Dignan*, 253 Mich App at 576.

Further, the LCC sufficiently explained its reason for denying A&R's request for declaratory rulings. The LCC was required to "issue a concise written statement of its principal reasons for denial within 30 days of the denial." Mich Admin Code, R 436.1975. The LCC stated that it denied A&R's request as moot given its earlier dispositive orders. The LCC's explanation provided a reason for denying A&R's request and directed the circuit court and this Court to its relevant and more detailed analysis of the license transfer issues.[1] A reasoning mind would accept the LCC's statement as a brief explanation of the reasons for its denial of A&R's request for declaratory rulings sufficient to aid appellate review. See *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012) (stating that reference to another

---

[1] That being said, the issue before this Court is whether the LCC properly denied A&R's request for declaratory rulings—not the legality of the LCC's prior orders.

opinion can satisfy the duty to provide a concise statement of facts and reasons for a decision); *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 643; 806 NW2d 342 (2011) (explaining that requirement of statement of facts and conclusions is to aid appellate review). Additionally, the LCC issued its written statement on September 12, 2017, which was the same date as the denial of A&R's request and, therefore, was in accordance with the 30-day issuance requirement of Mich Admin Code, R 436.1975. Therefore, the circuit court did not clearly err by affirming the LCC's decision to deny A&R's request for declaratory rulings. See *VanZandt*, 266 Mich App at 585; *Dignan*, 253 Mich App at 576.

Affirmed.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Anica Letica

-4-