Cavanagh, J. (concurring).
 

 I concur in the denial of leave to appeal in this case, but write separately to clarify the appropriate evidentiary review of agency decisions under the "authorized by law" standard of Const. 1963, art. 6, § 28.
 

 Const. 1963, art. 6, § 28 provides for "direct review by the courts" of whether agency final decisions, findings, rulings and orders are "authorized by law ...." I agree with the Court of Appeals that, because no hearing was held in this case, the circuit court's review of the Civil Service Commission's decision and findings should have been limited to whether they were authorized by law and not extended to apply the broader "competent, material and substantial evidence" test in § 28. As the Court of Appeals properly held, and as both parties now agree on appeal, the proper test for determining whether a final decision, finding, ruling, or order is authorized by law is the four-factor test articulated in
 
 Brandon Sch. Dist. v. Mich. Ed. Special Servs. Ass'n
 
 ,
 
 191 Mich. App. 257
 
 , 263,
 
 477 N.W.2d 138
 
 (1991).
 
 [2]
 
 That test asks whether the final decision, finding, ruling or order is (1) "in violation of a statute," (2) "in excess of the statutory authority or jurisdiction of the agency," (3) "made upon unlawful procedures resulting in material prejudice," or (4) "arbitrary and capricious."
 
 Id
 
 . A decision is arbitrary and capricious when it (1) "lacks an adequate determining principle," (2) reflects an absence of consideration of significant principles or circumstances, or (3) is "freakish or whimsical."
 
 Wescott v. Civil Serv. Comm.
 
 ,
 
 298 Mich. App. 158
 
 , 162,
 
 825 N.W.2d 674
 
 (2012).
 

 I disagree with the Court of Appeals that review of the evidentiary support for an agency's final decision, finding, ruling or order is not proper under "authorized by law" review-and notwithstanding that statement, I believe that the Court of Appeals actually conducted the appropriate review of the evidentiary record in this case. While the "arbitrary and capricious" standard of review necessarily must be more deferential than the "competent, material and substantial evidence" standard applicable to decisions following hearings, the "arbitrary and capricious" standard must mean
 
 something
 
 in order to effectuate the Constitution's requirement of direct review. While the exact contours of the boundary between "arbitrary and capricious" review and "competent, material and substantial evidence" review have proven difficult to define, see 2 Hickman & Pierce, Administrative Law Treatise (6th ed.), § 10.4, p. 1136, I am unaware of any authority that draws those lines in a manner that prohibits any review of the evidentiary record.
 

 In order to determine whether an agency's final decision and findings were arbitrary
 and capricious, the reviewing court must conduct a minimum level of review of the evidentiary record in order to ensure that there is
 
 some
 
 evidentiary support for that decision. For example, a reviewing court could not determine whether a decision has been made upon unlawful procedures without reviewing what procedures had been used. Likewise, a reviewing court could not determine whether a decision lacked an adequate determining principle without reviewing the reasoning behind the decision. While a reviewing court lacks authority to reweigh the evidence considered by an agency and cannot second-guess an agency's view of the facts or an agency's application of the correct legal standard to those facts, a reviewing court must review the evidentiary record in order to determine there was not a
 
 complete lack
 
 of evidentiary support for an agency's decision and in order to ascertain the determining principle applied by the agency.
 

 The circuit court did not err in scope by reviewing the evidentiary record. It was required to do so to determine whether the Civil Service Commission's decision was authorized by law. Rather, the circuit court erred in manner by failing to afford the Civil Service Commission proper deference. Because I believe the errors identified by the Court of Appeals discussed manner rather than scope, I concur in the Court's decision to deny leave to appeal.
 

 McCormack, C.J., joins the statement of Cavanagh, J.
 

 Bernstein, J., would remand this case to the Court of Appeals to apply the standard set forth in Brandon Sch. Dist. v. Mich. Educ. Special Services Ass'n,
 
 191 Mich. App. 257
 
 ,
 
 477 N.W.2d 138
 
 (1991).
 

 While the Civil Service Commission originally argued to this Court that the
 
 Brandon
 
 test exceeds the original intent of the constitutional text of Const. 1963, art. 6, § 28, it affirmatively abandoned that position at oral argument.